NEWPORT.

State *vs.* Isaac N. Rife.

State *vs.* Jennie Avant.

By the Judiciary Act, cap. 7, § 1, "All persons over twenty-five years of age, who are qualified to vote upon any proposition to impose a tax or for the expenditure of money in any town, shall be liable to serve as jurors, except," etc.

Under Art. 2, § 1, of the Constitution of Rhode Island, the owner of real estate who is otherwise qualified to vote under that section, is entitled to vote upon any proposition to impose a tax or for the expenditure of money in any town, whether he has paid a tax on his property within the year next preceding the time of voting or not.

To an indictment, the accused pleaded in abatement that certain of the grand jurors who participated in finding the indictment had not at any time within the year next preceding the time of their serving as grand jurors paid any tax upon their property, and therefore were not qualified to vote upon any proposition to impose a tax or for the expenditure of money in the town from which they were drawn, and so were not qualified to serve as grand jurors.   On demurrer to the plea,

*Held*, that in the absence of any allegation in the plea to the contrary, the presumption is that the jurors named possessed all the necessary qualifications to serve as grand jurors under the Judiciary Act, cap. 7, § 1.

*Held*, further, that as the plea did not negative the presumption that the jurors owned real estate to an amount sufficient to entitle them to vote on any proposition to impose a tax or for the expenditure of money in the town from which they were drawn, it was bad for uncertainty.

Indictments.   Certified from the Common Pleas Division on demurrers to pleas in abatement.

The Judiciary Act, cap. 7, § 1, is as follows :

Section 1.   All persons over twenty-five years of age, who are qualified to vote upon any proposition to impose a tax or for the expenditure of money in any town, shall be liable to serve as jurors, except as is hereinafter provided.

*Providence, May* 25, 1894.   Per Curiam.   The defendants' pleas in abatement in each of these cases respectively, are clearly bad for uncertainty.

In the first named case, the pleas set out that the indictment should be quashed because two of the grand jurors,

naming them, who participated in the finding of the indictment and who were drawn from the city of Newport, had not at any time within the year next preceding the time of their service as grand jurors paid any tax upon their property respectively in said city, and therefore were not qualified to vote upon any proposition to impose a tax or for the expenditure of money in said city, and hence were not qualified to serve upon the grand jury.   But said pleas do not allege that the jurors were not possessed in their own right respectively of real estate in said city to an amount sufficient to qualify them to vote under Article 2, § 1 of the Constitution of this State.   See *In re the Voting Laws*, 12 R. I. 586. If they were, and also possessed the other necessary qualifications under said provision (and in the absence of any allegation to the contrary it is to be presumed that they did) they were each qualified to vote upon any proposition to impose a tax or for the expenditure of money in said city, whether they had paid a tax within one year or not, the payment of a tax on real estate within the year next preceding the time of voting not being a condition precedent to the exercise of such right, as is the case with regard to the payment of a tax on personal property.   *In re the Canvassers' Powers*, 17 R. I. 809.

For aught that appears in said pleas, therefore, the jurors named therein might have been qualified to vote upon any proposition to impose a tax or for the expenditure of money in said city, and if so, and if they were over twenty-five· years of age, as now required by the Judiciary Act, cap. 7, § 1, they were also qualified to serve as grand jurors.   *State* v. *Duggan*, 15 R. I. 412.   And as the pleas fail to negative the possibility thus suggested they do not comply with the strict rule of law applicable to pleas in abatement, namely, that they must not only answer fully what is necessary to be answered, but must also anticipate and exclude all such supposable matter as would, if alleged on the opposite side, defeat the same.   *State* v. *Duggan, supra* ;  *Capwell* v. *Sipe*, 17 R. I. 475 ; 1 Chitty on Pleading,* 473.

The pleas in the second case being precisely similar to those

in the one already considered, and the jurors objected to therein being the same as those objected to in the first named case, there is no occasion for any separate consideration thereof, what we have said applying with equal force to each case.

The demurrers of the Attorney General to the pleas in each of said cases respectively must therefore be sustained.

*Demurrers sustained.*

*Willard B. Tanner,* Assistant Attorney General, for the State.

*Charles Acton Ivès,* for defendants.