A person qualified to vote only under the provisions of Art. 2, § 1, of the Constitution of Rhode Island, who alienates his real estate, is no longer so qualified, and his name should be immediately stricken from the voting list.

If such person is also qualified to vote as a registry voter, and has resided in the State two years and has paid a tax upon either real or personal property assessed at one hundred and thirty-four dollars or more, his name, if not already there, should be added to the list prescribed in the second clause of section 3, of chapter 8, of the General Laws.

A person qualified by age, residence and citizenship to vote in one city or town in this State, who produces a certificate of ownership of real estate in another city or town in this State, can vote on the certificate in the city or town where he resides only for general officers of the State and for members of the General Assembly ; Const. R. I. Art. 2, § 1 ; and under Art. 2, § 1, of the Constitution of the United States, and Gen. Laws R. I. cap. 13, § 1, he may vote for electors for President and Vice President of the United States, and, by virtue of Art. 1, § 2, of the Constitution of the United States, he may vote for representatives in Congress.

In a communication dated May 19, 1896, the Governor requested the opinion of the judges of the Supreme Court on the following questions propounded by the Board of Canvassers and Registration of the city of Providence :—

I. Should the name of a person qualified to vote by ownership of real estate of the value of at least $134 over and above all encumbrances as provided in article 2, section 1, of the Constitution, and who has paid the tax assessed upon such real estate within the twelve months next preceding, and who subsequently conveys such real estate:—

(a) Be removed from the voting list altogether immediately upon the execution of such conveyance as no longer continuing to be "so qualified" as provided in said section, or

(b) Be added to the list of persons entitled by registry (by the clerk under chapter 7, section 3, General Laws) to vote at all elections occuring during the remainder of the calendar year next succeeding the date of such conveyance, or

(c) Be added to the list prescribed in the second clause of section 3, of chapter 8, of the General Laws as "a person who has paid a tax assessed upon his property," under the provisions of article 7, section 1, of the amendments to the Con-

stitution, for all elections occurring within the twelve calendar months next succeeding the date of the payment of such tax, and then to be removed from the voting list altogether?

II.   Is a person who is qualified by age, residence and citizenship in a given city or town in this State, and producing a certificate of ownership of real estate in another city or town of this State, in accordance with the provisions of article 2, section 1, of the Constitution, qualified to vote in the city or town of his residence otherwise than for the officers who are specifically enumerated in said section, to wit: general officers of the State and members of the General Assembly; that is to say—

(a)   Is such a person qualified to vote generally therein for any city, town, ward, or district officers at any municipal or town election?

(b)   Is such a person qualified to vote therein for electors of President and Vice President?

(c)   Is such a person qualified to vote therein for a representative in Congress?

The opinion of the judges was given July 23, 1896, and is as follows:

*To His Excellency Charles Warren Lippitt, Governor of the State of Rhode Island and Providence Plantations :*

In response to your Excellency's request for our opinion upon certain questions propounded by the Board of Canvassers and Registration of the city of Providence, we have the honor to submit our opinion as follows:

In construing the laws in relation to the elective franchise, it must be borne in mind that the rights of voters of the several classes known to our laws are defined and secured by the Constitution.  Our statutes are not intended to enlarge or diminish these rights, but to provide modes in which they may be claimed and exercised.  We say, then, in answer to the first question :   That a person qualified to vote only under the provisions of article 2, section 1, of the Constitution, who alienates all his real estate, is no longer so qualified, and his name should be removed immediately from the

voting list. It' may happen, however, that such person is also qualified to vote as a registry voter ; and if so, and he has resided in the State two years and has, as the question supposes, paid a tax in the preceding year upon property, real or personal, assessed at $134 or more, his name, if not already there, should be added to the list prescribed in the second clause of section 3 of chapter 8 of the General Laws. The tax specified in article 7 of the amendments to the Constitution is one levied upon property without discrimination as to its kind. We find no provision in the Constitution disfranchising such a voter when he loses his personal property or alienates his real estate. In other words, as there are two kinds of qualification, one by ownership of real estate and the other by registration, or, in the case supposed, by registration and the payment of a tax, if the person possesses either qualification, and the requirements of age and residence are satisfied, his name should be borne on the list of persons similarly qualified.

The second question, so far as it relates to State and town or city officers, is answered by the Constitution. One who votes upon certificate can only vote for such officers as the Constitution specifies,—that is to say : He "shall have a right to vote in the election of all general officers and members of the General Assembly." Constitution, Art. 2, § 1.

Under the provisions of the Constitution of the United States, article 2, section 1, he is qualified to vote for electors for President and Vice-President of the United States, for the provision reads : "Each State shall appoint, in such manner as the Legislature thereof may direct, a number of electors," &c. And the Legislature of Rhode Island has directed, General Laws, chapter 13, section 1, that the people of this State who are qualified to vote for general officers shall choose the electors of President and Vice-President of the United States to which the State is entitled.

Such person is also qualified to vote for representatives in Congress, because he is qualified to vote for members of the General Assembly by our Constitution, and by the Constitution of the United States, article 1, sec. 2, it is provided,

that the electors for members of the house of representatives in Congress "shall have the qualifications requisite for electors of the most numerous branch of the State Legislature."

CHARLES MATTESON,
JOHN H. STINESS,
P. E. TILLINGHAST,
GEORGE A. WILBUR,
HORATIO ROGERS,
WM. W. DOUGLAS.