UNITED STATES v. SCOTT et al. (two cases). SAME v. JACOBS et al. (four cases). SAME v. HANTON.

(District Court, D. Rhode Island. April 26, 1916.)

Nos. 122, 130, 132–134, 136, 138.

1. CRIMINAL LAW ⬅➡280(2)—PLEA IN ABATEMENT—QUALIFICATION OF GRAND JURORS.

A plea in abatement to an indictment, on the ground that a grand juror was disqualified under Gen. Laws R. I. 1909, c. 279, § 1, providing that all persons over 25 years of age, qualified to vote in the election of the city council or upon any proposition to impose a tax for the expenditure of money in any town or city, shall be liable to serve as jurors, and amended Const. R. I. art. 2, § 2, providing that no person shall vote in the election of the city council or upon any proposition to impose a tax for the expenditure of money in any town or city unless he shall within the year next preceding have paid a tax assessed upon his property therein valued at least at $134, which alleged that the juror had not within the year next preceding the time he was summoned for service paid a tax, was insufficient, as not showing whether the calendar year or the 12 months preceding summoning was meant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 647, 648; Dec. Dig. ⬅➡280(2).]

2. CRIMINAL LAW ⬅➡280(1)—PLEA IN ABATEMENT—CONSTRUCTION AGAINST PLEADER.

An equivocal expression used in the plea in abatement to an indictment is to be taken against the pleader.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 645, 646; Dec. Dig. ⬅➡280(1).]

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Seven separate indictments against William B. Scott, Forrest R. Jacobs, and Thomas R. Hanton.. On demurrers by the United States to pleas in abatement in each case. Demurrers sustained.

Harvey A. Baker, U. S. Atty., of Providence, R. I.

Waterman & Greenlaw, of Providence, R. I., and Max Levy, of Newport, R. I., for defendants.

BROWN, District Judge. [1] The United States, in each of the above-entitled cases, demurs to a plea in abatement alleging the disqualification of a grand juror.

Chapter 279, section 1, General Laws of Rhode Island, provides for the qualification of jurors, as follows:

"All persons over twenty-five years of age who are qualified to vote in the election of the city council of any city or upon any proposition to impose a tax for the expenditure of money in any town or city, shall be liable to serve as jurors, except as is hereinafter provided."

To determine what persons are so qualified it is necessary to refer to sections 1 and 2 of the amended Constitution of Rhode Island (General Laws of Rhode Island 1909, p. 46).

Section 2 of article 2 contains the following:

" * * * Provided, that no person shall at any time be allowed to vote in the election of the city council of any city, or upon any proposition to impose a tax for the expenditure of money in any town or city, unless he shall within the year next preceding have paid a tax assessed upon his property therein, valued at least at one hundred and thirty-four dollars."

In attempting to negative the qualification of the grand juror to vote through payment of a tax, each of the pleas uses the following language:

"Nor had he, within the year next preceding the time he was so summoned for service as a grand juror in the District Court of the United States for the District of Rhode Island, paid a tax," etc.

As was pointed out in United States v. Gradwell (D. C.) 227 Fed. 243, 246, the expression "within the year next preceding," used in the provision of the Constitution, gave rise to much controversy as to whether the payment of the tax was required to be within the preceding calendar year or within the 12 months immediately preceding the time of voting. In a statute relating to taxation it is essential to distinguish clearly between a calendar year and a year, meaning merely 12 months or a term of 365 or 366 days prior to a given date. Such distinction is made, for example, in the United States statute providing for an income tax, which uses the term "the preceding calendar year" to indicate the income period for which the tax is to be assessed.

In Re Providence Voters, 13 R. I. 737, the Supreme Court of Rhode Island said upon the question whether the period meant was the calendar year or the 12 months period:

"There is in fact, if we consider merely the letter of the Constitution, no decisive reason for preferring either construction to the other."

[2] If the expression used in a plea in abatement is equivocal it is to be taken against the pleader. The opinion in Re Providence Vot-

ers shows that the language was of such uncertainty as to give rise to different interpretations in respect to matters of great practical importance.

This point was decided in United States v. Gradwell (D. C.) 227 Fed. 243, 246. Counsel urge that what was said upon this point in that opinion was obiter dictum. Although the plea was held bad on another ground, the opinion also decided the point now in question, saying:

"It follows that the pleas are bad for uncertainty in this particular."

The following clause:

"Irrespective of the question what day the plea refers to as the end of 'the year next preceding'"

—does not modify or relate to the express finding on the point, but referred to and waived consideration of another distinct contention; i. e., that the plea was bad, in that it was uncertain whether it referred to the date of impaneling the jury, the date of actual service as a juror, or the date of the return of the indictment.

Following the decision in United States v. Gradwell, I am of the opinion that the demurrer of the United States to each plea in abatement must be sustained.

Demurrers sustained.