STATE *vs.* DONALD G. WHEELER.

MARCH 28, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a complaint and warrant charging the defendant with failing to drive at an appropriate reduced speed when approaching and going around a curve as required by G. L. 1956, §31-14-3. It was tried before a superior court justice, who, sitting without a jury, found the defendant guilty as charged. The case is before us on the defendant's bill of exceptions to an evidentiary ruling and to the decision of the trial justice.

It appears from the record that at or about midday on January 20, 1960 police officer James A. Kane of the town

of Westerly was detailed by a superior officer to investigate a motor vehicle accident on Watch Hill road in said town. On arriving at the scene Kane found the defendant seated behind the wheel of his automobile which appeared to be extensively damaged.

The officer testified that the car had come to rest some 400 feet beyond the beginning of a curve in the highway and that skid marks were apparent from the spot where the car rested to about the point where the curve began. He further testified that between the car and the curve two telephone poles 120 feet apart had been snapped off and that the second of the poles was 9 feet 10 inches from defendant's car in the direction of the curve.

In addition to the officer's testimony there was received in evidence a sketch drawn by him and giving exact distances relative to the car, the poles and the skid marks. The state also introduced in evidence four pictures taken by another police officer which together show the position and condition of the car, poles and the skid marks for a part of the distance.

After Kane had testified to the foregoing, and the photographs as well as the sketch or diagram had been received in evidence, counsel for the state asked the officer whether defendant had made any statement to him regarding the accident. To this question counsel for defendant objected and after some discussion the objection was overruled and defendant's exception noted. This is the exception to an evidentiary ruling contained within defendant's bill of exceptions. The defendant contends that the question was properly objectionable since it was designed to adduce through the officer any admission which defendant may have made. He argues that no such admission could be shown at that stage of the trial for the reason that the state had thus far failed to prove the corpus delicti beyond a reasonable doubt.

The record discloses, however, that the particular question was not answered. After the objection had been overruled counsel for the state repeated the question in a different form, and without objection from defense counsel the police officer testified that defendant had admitted being the operator of the car. The defendant contends in effect that it was not necessary for him to renew his objection since the court had already ruled on the issue. The state contends, however, that the ruling if error ceased to be prejudicial when the answer was given without further objection by the defense.

Wherever the merit may lie in these conflicting contentions we are of the opinion that the admission was properly received on the state of the evidence before the court. In *State* v. *Jacobs,* 21 R. I. 259, this court quoted with approval the proposition that it is not necessary to establish the corpus delicti beyond a reasonable doubt before a confession may be received in evidence. It was held that, although the corpus delicti as well as the guilt of the accused must be established beyond a reasonable doubt, a confession is admissible if and when some corroborative evidence has been adduced tending to prove a corpus delicti. The confession, or in this case the admission, may then be used to supplement the proof establishing the corpus delicti beyond a reasonable doubt.

We think that in the instant case there was sufficient evidence before the trial justice tending to prove the corpus delicti. The skid marks beginning at the approach to a curve and extending some 400 feet, together with the snapping off of the telephone poles, were mute evidence that there had been a violation of the statutes regulating the operation of motor vehicles on the highways of the state.

Counsel for defendant, however, in his exception to the decision of the trial justice takes the position that an essential fact of the corpus delicti, namely that the Watch Hill road is a highway within the meaning of G. L. 1956, §31-1-

23 (a), was never established. This provision of the general laws defines a street or highway as "The entire width between boundary lines of every way when any part thereof is open to the use of the public for purposes of vehicular traffic." It is the contention of counsel that there was no proof that Watch Hill road is in fact open to the public.

We are constrained to disagree with this contention. Sound trial procedure recommends that the police officers who testified, and who were undoubtedly well informed as to the use of the highway in question by the motoring public, might properly have been asked about such use, if any. Nevertheless it is clear from a review of all the testimony given by Officer Kane, from the diagram made by him and from the pictures, that the highway in question was in fact open to the public. The latter exhibits show the existence of a guard rail, a continuous line of utility poles, a house identified as owned by Dr. Anderson, and a structure referred to as Anderson's Hospital.

The pictures also show that the highway has a finished surface identified in the police report as macadam, and of some further probative force that the highway is bisected by two white parallel lines commonly painted on public ways in the interest of safety. From all of this it was reasonable for the trial justice to conclude that Watch Hill road is a highway or street within the meaning of the applicable statute.

The defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel for State.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.