STATE *vs.* GEORGE N. TOTI.

APRIL 3, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is an indictment charging the defendant with carrying a weapon concealed on or about his person without a license so to do. The case was tried before a superior court justice sitting with a jury and resulted in a verdict of guilty. It is before us on the defendant's bill of exceptions to certain evidentiary rulings on the admissibility of an alleged confession, the denial of his motion for a directed verdict and certain other exceptions which we do not deem it necessary to consider.

The record discloses that at or about midnight on August 7, 1959, defendant rang the doorbell of Stella Barrette at Bodell avenue in the city of Providence. It appears that defendant was known to her but she had not seen him for some seven years previously.

She testified that on hearing the doorbell she went to the door but did not open it; that she looked through the curtain on the door window and recognizing defendant told him to leave and returned upstairs; and that because defendant continued to ring the bell she opened the door "Just slightly ajar." She stated that she talked with defendant, could not remember the conversation, and added, "* * * after a while he hands this gun to me."

Mrs. Barrette further testified that when she observed defendant through the curtained window she noticed nothing unusual. When asked specifically, however, if she could see his arms, she replied, "I wasn't looking at that. I just noticed his face."

Counsel for the state inquired as to how defendant was dressed and the witness replied that he was wearing a suit, and in answer to a specific question stated that defendant was not in his shirt sleeves. She further testified as follows: "Q. You say the next thing you saw was something. What was that? A. The gun. Q. He had the gun in his hand,

did he not? A. Yes." She again stated that she noticed nothing unusual.

There was then admitted into evidence, without objection, a gun which the witness identified as the one handed to her by defendant.

In redirect examination Mrs. Barrette was again questioned about the first occasion when she observed defendant through the curtained window in the door. Asked if she saw a gun at that time she replied that she did not. It is significant, however, that in connection with this observation Mrs. Barrette had testified that she did not notice defendant's arms.

It further appears from the record that in response to a call from the central station, Sergeant William J. Lawton went to Mrs. Barrette's home, where after talking with her he instructed a fellow officer to apprehend defendant. Sergeant Lawton testified over defendant's objection that the latter had confessed to carrying the gun in his waistband while en route to Mrs. Barrette's home. The defendant thereupon moved that the answer be stricken on the ground that thus far the state had failed to adduce any evidence establishing the corpus delicti. The trial justice denied the motion, to which denial defendant duly excepted.

At the conclusion of the officer's testimony the state rested its case. The defense offered no evidence and moved for a directed verdict, which motion was denied.

The defendant's first two exceptions are to the admission of Sergeant Lawton's testimony and to the denial of defendant's motion to strike such testimony after it had been given. Since both exceptions relate to the admissibility of defendant's alleged admission or confession, we shall consider them as constituting a single exception.

The defendant contends that in the absence of some corroborative evidence tending to prove the corpus delicti, a confession or self-incriminating statement is inadmissible for the reason that an unsupported confession is insufficient

to prove the corpus delicti. We are in full accord with this principle. In *State* v. *Boswell,* 73 R. I. 358, this court stated at page 362, "The *corpus delicti* cannot be presumed. A defendant is not required to answer for the alleged commission of a crime in the absence of evidence, direct or circumstantial, sufficient to establish the *corpus delicti,* which expression, according to well-established law, means the body of the crime, that is, the mere commission of a crime irrespective of who may have committed it."

The state does not challenge defendant's contention that such is the rule in this jurisdiction. Rather it contends that here, as in *State* v. *Jacobs,* 21 R. I. 259, and *State* v. *Wheeler,* 92 R. I. 389, 169 A.2d 7, sufficient independent circumstantial evidence tending to prove the corpus delicti had been adduced prior to Sergeant Lawton's testimony. We cannot agree with this contention. The cases referred to are clearly distinguishable on their facts.

The state argues that since Mrs. Barrette noticed nothing unusual about defendant's appearance until he handed her the gun, a reasonable inference may be drawn that she would have noticed defendant's possession of the gun unless it were concealed on or about his person. Moreover, the state maintains that Mrs. Barrette's observation that defendant was wearing a suit jacket tends to accentuate such inference.

It would seem, however, that defendant's wearing of a suit jacket acquires significance only in connection with his statement to Sergeant Lawton that he had carried a gun in his waistband while en route to the Barrette residence. A careful reading of Mrs. Barrette's testimony leads us to the inescapable conclusion that she did not notice defendant's hands until he offered her the gun. The only reasonable inference which can be drawn from her testimony is that defendant had the gun in his possession. Whether it was concealed, however, or carried openly in his hand, which Mrs. Barrette failed to observe, is pure speculation.

The state presumes that it was concealed. An equally likely presumption is that if defendant, while talking with Mrs. Barrette, had procured the gun from some concealed place on his person before handing it to her, she would have noticed his conduct. Likewise, the fact that she observed nothing unusual until defendant handed her the gun merely gives rise to speculation as to where it was in defendant's possession prior to the moment that Mrs. Barrette observed it. We are of the opinion that there was no independent corroborative evidence tending to prove the corpus delicti. The defendant's first two exceptions are sustained.

On the defendant's exception to the denial of his motion for a directed verdict, the trial justice in reaching his decision viewed all of the evidence and the inferences which could reasonably be drawn therefrom adversely to defendant, and concluded that there was a proper case for the jury. He applied the applicable rule, but did so on the basis of all the evidence, including the testimony of Sergeant Lawton. Absent this improper testimony, the state failed to prove the corpus delicti and the defendant could not be convicted of a crime the commission of which had not been proved. It follows that his motion should have been granted. This exception is sustained.

All of the defendant's exceptions herein considered are sustained, and the case is remitted to the superior court for entry of a judgment of not guilty.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel for State.

*Ralph Rotondo,* for defendant.