STATE *vs.* DANIEL L. CAMPBELL.

JANUARY 16, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

ROBERTS, J. This is a criminal complaint wherein the defendant is charged with having operated a motor vehicle upon a public highway "without having his operators [sic] license on his person in violation of Section 31-10-25 of the General Laws of 1956." The defendant's demurrer

to the complaint was overruled, and thereafter the case was tried to a justice of the superior court sitting without a jury, who found the defendant guilty. The case is in this court on the defendant's bill of exceptions to the overruling of his demurrer, to certain evidentiary rulings, and to the decision of the trial justice.

The defendant is charged with violation of a statute that relates to the license to operate motor vehicles upon the highways as contemplated in §31-10-1 wherein it is provided that "No person * * * shall drive any motor vehicle upon a highway in this state unless such person has a valid license as an operator or chauffeur under the provisions of this chapter." The defendant is charged specifically with violating that portion of §31-10-25 which requires that "The license issued under this chapter shall at all times be carried on the person of the licensee while operating a motor vehicle upon the public highways * * *."

The defendant demurred to the complaint on two grounds. He contended that the license to operate here contemplated, being an intangible grant of a right or permission, is without substance, and therefore the mandate of the statute makes criminal a failure to do that which is impossible of performance and the legislation is void. He further contends in his demurrer that the requirement that the operator's license be carried on his person is without any reasonable relationship to the public welfare or safety, and therefore its enactment did not constitute a valid exercise of the police power.

It is our opinion that no error inhered in the decision of the trial justice overruling the demurrer with respect to either of the grounds urged therein. The statutory requirement that the license be carried on the licensee's person refers to a writing or certificate evidencing the grant of the license to operate. Conceding that a license as a basic legal concept is a right or privilege that is intangible or incorporeal, the word "license" has a widely

accepted popular or secondary meaning, that being a writing or certificate evidencing the grant of a right or privilege. It is so defined in both Bouvier and Webster. Clearly the legislature, in enacting this section, contemplated a certificate of license, and this court will not impute to the legislature an intention to make criminal a failure to do that which would be impossible of performance.

The defendant's contention that the pertinent statute was not enacted in a valid exercise of the police power is also without merit. That the use of the public highways for travel by motor vehicles is in general a proper subject for regulation in an exercise of the police power is well settled. *Berberian* v. *Lussier*, 87 R. I. 226, 231. The defendant argues, as we understand him, that the requirement that the operator carry his license on his person is not to regulate in the interests of the public generally but rather to regulate for the benefit of a small class, in this case law-enforcement officers. The police power of the state is not without limitation, and a valid exercise thereof requires a showing that the interests of the public in general are being subserved as distinguished from the interests of some particular class. *Haigh* v. *State Board of Hairdressing*, 76 R. I. 512.

We are of the opinion, however, that the instant regulation does bear a substantial relationship to the safety and welfare of the traveling public and that, therefore, its enactment did constitute a valid exercise of the police power of the state. The primary purpose of the licensing procedures in this area is to exclude from the highways those operating motor vehicles who have not established their compliance with some minimal standards of competence and skill in the operation of such vehicles and thereby to secure the safety of the traveling public. To accomplish this purpose, the legislature provides that everyone operating a motor vehicle on the highways

shall have available some adequate evidence of his compliance with such standards of competence, in this instance the certificate of license.

It may be that, in so requiring, the legislature has given law-enforcement officers an effective method for determining whether operators are in fact licensed. It is obvious, however, that the primary and substantial benefit of the requirement inures to the public and that in such circumstance the regulation is in the public interest generally. It is our opinion that the argument of defendant is directed more to the wisdom of the method of regulation than to its beneficial result to the public generally. Given a regulation enacted in a valid exercise of the police power, the question as to the wisdom of the method prescribed is one for the legislature. *Amitrano* v. *Barbaro*, 61 R. I. 424. The exception of defendant to the decision of the trial justice overruling his demurrer is without merit.

We turn to a consideration of defendant's exception to the denial of his motion to strike all testimony of the arresting officer relating to defendant's admission at the time he was stopped that he did not have an operator's license on his person. The defendant argues that the corpus delicti, that is, the commission of the offense, cannot be proved solely by the admissions or confessions of defendant but that such admissions or confessions are admissible in aid of proving the corpus delicti if the record contains other competent evidence that is probative thereof. In other words, defendant argues that there is in the record no evidence which tends to prove the corpus delicti and that, therefore, his admissions to the arresting officer cannot be admitted into evidence in the circumstances for the purpose of proving it.

To sustain a conviction in a criminal prosecution, it must be proved beyond a reasonable doubt that the alleged crime was in fact committed. It is well settled, however,

that while the corpus delicti may not be proved by a confession absent some other evidence probative thereof, such a confession or admission may be adduced in evidence to prove the corpus delicti if there is in the record some testimony apart from the confession that tends to prove the commission of a crime. *State* v. *Wheeler,* 92 R. I. 389, 169 A.2d 7; *State* v. *Boswell,* 73 R. I. 358, 363. Contending that there is no evidence tending to prove a corpus delicti other than his own admissions in that respect, defendant moved to strike this evidence as improperly admitted.

This argument overlooks the testimony of the arresting officer concerning the conduct of defendant at the time of his arrest as well as his statements made at that time. According to this testimony, defendant went through the motions of searching his clothing for his billfold and of examining the glove compartment of the car and thereafter stated that his operator's license had been left at home. This evidence, in our opinion, is susceptible of a reasonable inference that defendant at the time he was stopped did not have an operator's license in his possession. For this reason it must be held that there was evidence tending to prove the corpus delicti within the purview of the rule stated in *State* v. *Boswell, supra.* It is our opinion that the testimony of the arresting officer concerning the admissions made by defendant at the time of his arrest was properly admitted into evidence and that no error inhered in the denial of defendant's motion to strike this testimony.

The defendant also presses his exceptions to the rulings of the trial justice sustaining the state's objection to certain questions addressed by defendant to the arresting officer in the course of cross-examination. The arresting officer was asked whether at the time of the arrest he had made an effort to ascertain whether defendant had an operator's license in his possession. The officer, the

only witness for the state, had testified in direct examination that on September 30, 1961 he had stopped defendant, who was operating his automobile along River street, and asked him for his license and registration. He testified, in substance, that defendant had looked for his license through his clothing and in the glove compartment and had then told him that he had left his license at home.

The substance of the questions directed to the officer during the cross-examination was concerned with whether he had searched the person of defendant or the automobile which he was operating or whether by observation he had ascertained whether he in fact did not have his driver's license upon his person. These inquiries were all objected to by the state, and the objections were sustained. The defendant contends now that exclusion of this testimony was erroneous.

■■■ No error inhered in the rulings excluding this line of interrogation in cross-examination. When these inquiries are scrutinized closely, it is clear that they do not go to the credibility of the witness, nor are they directed at any matter that, precisely speaking, had been raised during the direct examination. In such circumstance the only question raised by the exceptions is whether the trial justice abused his discretion, for it is well settled that the scope of cross-examination usually is a matter within his sound discretion. *State* v. *Kieon,* 93 R. I. 290, 175 A.2d 284. In exercising this discretion, however, he is required to observe the scope of the examination-in-chief and ordinarily should not permit cross-examination to exceed the reasonable limits set up with respect to direct examination. *York* v. *Ventilato,* 80 R. I. 192.

In our opinion these inquiries clearly went to matters that had not been raised in direct examination. The subject matter of such examination was concerned with the conduct and statements of defendant. The inquiries proposed by defendant on cross-examination seek to ad-

duce testimony as to the conduct of the arresting officer. We do not perceive that such testimony, if admitted, would in any way contradict the witness' testimony as to defendant's conduct. Nor, in our opinion, does it have any adverse effect upon the weight of the testimony of the arresting officer with respect to what defendant said and did. In these circumstances we cannot agree that the trial justice abused his discretion in limiting the scope of cross-examination by excluding therefrom the inquiries here under consideration. We find no error in the rulings to which these exceptions were taken.

There remains the defendant's exception to the decision. The decision of a trial justice sitting without a jury is entitled to great weight and on appeal is given substantial persuasive force by this court and will not be disturbed by us unless clearly wrong. *Head* v. *Quigley*, 87 R. I. 66. Because we have taken the view that the evidentiary rulings were entirely proper in the instant case, we are of the opinion that the state of the evidence is such as to warrant a finding of guilt beyond a reasonable doubt. We do not perceive that the trial justice either overlooked or misconceived any evidence material to the issue, and in weighing it he had the advantage of having seen and heard the witness as he testified. The exception of the defendant to the decision is without merit.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.