STATE *vs.* DANIEL L. CAMPBELL.

MARCH 20, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a criminal complaint which charged the defendant with the violation of G. L. 1956, §31-3-9 (a), requiring that the card evidencing the registration of a motor vehicle shall be carried in the vehicle or by the person driving or in control of the vehicle who shall display it upon demand of a proper officer. After the defendant was found guilty in the district court he appealed to the superior court, where he demurred to the complaint on the grounds that it was duplicitous and did not charge an offense under the statute.

Upon the overruling of the demurrer he waived a jury and proceeded to trial before a justice of the court who found him guilty. Thereafter he duly brought the case here on his bill of exceptions to the overruling of the demurrer, to certain evidentiary rulings, and to the trial justice's decision on the merits. However, on oral argument in this court, he expressly waived exceptions 2, 3, 4, 5, and 6 to the evidentiary rulings. We shall therefore consider only exception 1 to the overruling of the demurrer and exception 7 to the decision.

The facts are these. On September 30, 1961 a police officer of the city of Pawtucket, while patrolling his territory on a police department motorcycle, saw defendant operating a motor vehicle bearing Rhode Island registration plate numbered DC184 along Walcott street. His attention was attracted to the car by a noisy muffler. When he started to overtake it defendant sped away, but the officer finally apprehended the operator driving along River street into the downtown section. In response to a demand for the

registration card, defendant searched his person "as if he was looking for his billfold," according to the officer's testimony, and then he looked in the glove compartment of the car but he did not produce the card. The officer further testified that defendant then said that he did not have his operator's license or his registration card and that both were at home.

The defendant was charged in another complaint with not having his operator's license on his person in violation of G. L. 1956, §31-10-25. He was tried thereon together with the instant complaint and found guilty. His conviction of that charge was upheld by this court in *State* v. *Campbell*, 95 R. I. 370, 187 A.2d 543.

In the opinion in that case we fully considered the exceptions to the evidentiary rulings, which he has now expressly waived. Therefore the evidence upon which the trial justice relied in that case in finding defendant guilty, all of which we found to be properly admitted and sufficient to support his decision on the merits beyond a reasonable doubt, is the same in the instant case. Hence the exception to the decision here must also be overruled since we cannot say that it is clearly wrong.

This leaves for consideration only exception 1 to the overruling of the demurrer. The defendant first contends thereunder that the complaint is defective because it does not directly charge that the vehicle was registered but leaves it to be implied. In support of such contention he cites *State* v. *Eastern Coal Co.*, 29 R. I. 254. In that case the defendant was indicted for conspiracy to create a monopoly in restraint of trade. The indictment charged the offense only by implication, intendment and inference, and the court held that this was insufficient to meet the strict requirements of criminal pleading.

The rule is sound and was clearly applicable in the case of an indictment for a felony. In our opinion the same

strict rule of pleading is not applicable in the case of a simple misdemeanor as is charged in the complaint here. It seems unnecessary in such case to expressly allege actual registration of the car in order to apprise defendant fairly and fully of the offense with which he is charged. The complaint while not certain in every particular was sufficiently certain for the purpose of charging the offense set out in the statute. This court has held that in charging a misdemeanor certainty to a common intent is sufficient and that the same strictness in pleading is not required as in an indictment for a felony. *State* v. *Providence Gas Co.,* 27 R. I. 142.

Under his first exception the defendant also contends that the complaint is duplicitous because the statute being in the disjunctive a violation thereof must be charged in the conjunctive and cites in support of his position *State* v. *Smith,* 29 R. I. 513, and *State* v. *Colwell,* 3 R. I. 284. Neither case is in point on the statute involved in the instant case. In *Colwell* the statute created and defined, as the court said, "several distinct offences, and not one offence only * * *." Here the statute clearly creates but one offense. In *Smith* the rule was adverted to in a quotation from the defendant's brief but the court did not apply it. On the contrary it was rejected. The statute involved there was similar in its disjunctive phrasing to the statute here. The court expressly stated that the averments of the complaint were properly couched in the disjunctive and pointed out why the rule urged by the defendant did not apply. For the same reason we reject the defendant's contention and hold that the offense charged here was properly pleaded in the disjunctive.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for the State.

*Aram K. Berberian,* for defendant.