208 A.2d 524.

VICTOR SANTOS *vs.* NATHANIEL W. SMITH, JR.,
*Liquor Control Administrator.*

MARCH 23, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This petition for certiorari was brought to review a decision of the state liquor control administrator revoking the petitioner's class B license for the sale of alcoholic beverages in an establishment located in the city of East Providence. Pursuant to the writ, the respondent has certified to this court the records of the proceedings in this cause.

When the cause came on to be argued before us, we raised sua sponte the question of the applicability of the Administrative Procedures Act, G. L. 1956, chap. 35 of title 42. The parties filed supplemental briefs addressed to that question. They now agree that proceedings relative to the suspension or revocation of liquor licenses are within the purview of the act and that after all administrative remedies have been exhausted, application for judicial review is by petition to the superior court rather than by certiorari to this court. It is at this point that their agreement ends.

The respondent urges that the writ be quashed as improvidently issued; petitioner argues that we should in the exercise of our supervisory power retain jurisdiction. The act, although approved in 1962 effective as of January 1, 1964, has not previously been brought to our attention, notwithstanding that in retrospect its pertinency may in several instances have been relevant to our considerations. The failure of experienced counsel in those causes, and the attorney general in this, to rely upon its provisions leads to the conclusion that the bar generally has not been aware of its adoption. In such circumstances we are not inclined to dismiss this writ as improvidently issued and thereby deprive petitioner of the judicial review to which he would have been entitled if, mindful of the act, he had within the time prescribed therein addressed a proper petition to the superior court. Our willingness to proceed in this instance should not, however, be deemed to be a precedent either

for a similar disposition in the future or a holding that the act applies.

No more than a brief recital of the facts as disclosed in the record is required. It appears that the local police, having reason to believe that petitioner's establishment was patronized by minors, raided it on the night of January 17, 1964. They found it crowded and apprehended twenty-two patrons whose appearance suggested they were minors. Subsequent investigation confirmed their suspicions as to fourteen, four of whom admitted to the police that they had purchased intoxicating liquors. Two so testified at the hearing.

In addition, the record book that petitioner was required to keep pursuant to G. L. 1956, §3-8-6, as amended, was admitted as an exhibit and it contained only a few recent signatures. Among the provisions of that section is one which allows a licensee charged with selling to a minor to establish at least prima facie evidence of his good faith in making that sale by presentation of the record book containing the signature of that customer and a reference as to whether a birth certificate or other document was presented for the purpose of confirming his age.

The petitioner admits that he sold alcoholic beverages to minors in violation of §3-8-6, and he concedes that it was within the authority conferred by the legislature for respondent to revoke his license for those offenses. Ordinarily, that acquiescence would be dispositive of this petition. *Cesaroni* v. *O'Dowd*, 94 R. I. 66, 177 A.2d 777; *Kaskela* v. *Daneker*, 76 R. I. 405. The petitioner points, however, to the decision of the administrator wherein he refers to the crowded conditions, the large number of minor patrons, and the state of the record book in partial explanation of the severity of the punishment imposed. It is this reference to circumstances extraneous to the offense which petitioner charges makes the administrator's action so ar-

bitrary, capricious and abusive as to constitute a deprivation of his property without due process of law in violation of the fourteenth amendment to the federal constitution. In our opinion that contention is lacking in merit.

It has long been the practice in this state for judicial tribunals, after conviction and prior to the imposition of sentence, to hear matters in aggravation and mitigation. We see no good reason, and petitioner suggests none, why a similar practice should not be permitted in administrative proceedings quasi-judicial in nature particularly when the matters in aggravation have been admitted into evidence without objection and are neither denied nor explained.

Under §3-5-23 the determination of the penalty to be imposed was, in this instance, vested exclusively in the administrator. It was in his discretion to suspend or revoke petitioner's license or enter "other order thereon." Save for an abuse by him of that discretionary power, we will not interfere with its exercise. The breadth of the discretion conferred indicates a legislative contemplation that a consideration of attendant circumstances was permitted. Indeed, in this instance signatures in the record book, as required by §3-8-6, of the minors to whom admittedly petitioner sold liquor would by legislative direction have been prima facie evidence of his good faith, a circumstance which even he would not seriously contend the administrator should disregard. Clearly the administrator was acting within the limits of his power when in fixing the penalty he considered the attendant circumstances.

The petitioner, however, refers us to *State* v. *Toti*, 94 R. I. 212, 179 A.2d 488, and *State* v. *Montella*, 88 R. I. 469, but his reliance on those cases is misplaced. There we held that a conviction may not be premised upon evidence which fails to exclude every reasonable hypothesis but that of guilt. In this case petitioner suggests that the presence of minors at his place of business does not compel the inference that

434

they were there to purchase or consume liquor. This may be so, but the administrator premised his finding of guilt on uncontradicted evidence of sales to and consumption by minors and not within circumstances susceptible to inferences either of guilt or innocence. The attendant circumstances were considered by him only when he imposed the penalty of revocation. The rule in *Toti* and *Montella* did not prohibit that consideration.

In our opinion the administrator did not abuse his discretion and, having acted within the limits of the authority conferred upon him, the decision must stand. *Hallene* v. *Smith*, 98 R. I. 360, 201 A.2d 921.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.