*Francis A. Kelleher,* for United State Fidelity and Guaranty Company, defendant.

273 A.2d 673.

STATE *vs.* RONALD J. RAPOSA.

FEBRUARY 17, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. This is a criminal complaint and warrant charging the defendant with operating on Pawtucket Avenue in the City of East Providence, a motorcycle not equipped with a front fender, in violation of G. L. 1956, §31-23-26. The case was tried without the intervention of a jury to a Superior Court justice who found the defendant guilty as charged. It is before us on the defendant's bill of exceptions.[1]

In his bill, defendant prosecuted three exceptions, all of which were pressed when the case was orally argued here. The first such exception is to the trial justice's overruling of his plea in abatement to the complaint. The assignment of error here is that the warrant was issued on the complaint of the East Providence chief of police who, not

---

[1]Consideration of the merits in the instant case was originally declined for the reason that an examination of the record after oral arguments had been made disclosed that the bill of exceptions had neither been allowed nor disallowed by the Superior Court justice as required by G. L. 1956, §9-24-20. Neither, as required in such case by §9-24-22, had the truth of the exceptions been established in this court. Consequently, on December 10, 1970, a per curiam was filed giving notice that the case was not in order for determination. See *State* v. *Raposa*, 108 R. I. 4, 271 A.2d 463. Shortly thereafter the defendant moved in this court to establish the truth of the exceptions and the state joining in such motion, the truth of the bill of exceptions was taken by us to have been established.

furnishing surety, neither swore that he was within the class exempted from furnishing surety on his recognizance, nor specifically requested that the warrant issue without surety.

It is defendant's contention that the warrant having issued under such circumstance, the complaint is fatally defective. He cites no authority for this proposition and from a realistic reading of chapter 6 of title 12, the applicable statute governing the issuance of warrants, his lack of authorities is readily understandable. The defendant's first exception is without merit.

The procedure for the issuance of criminal warrants is set forth in chapter 6 of title 12.[2] It is readily apparent from a reading thereof that defendant's exception to the ruling on his plea in abatement lacks merit.

The second exception is to the Superior Court justice's overruling of defendant's demurrer to the complaint. His contention here is that §31-23-26, constitutes an invalid exercise of the police power in that the requiring of a front fender for a motorcycle has no reasonable relationship to the public health, safety and welfare. The only function for the fender of a front wheel, defendant suggests, with tongue in cheek, is to shield the juncture of the operator's limbs from splashing water. He offered no evidence that such is the case and more vital protection readily comes to mind. See *State* v. *Lombardi*, 104 R. I. 28, 241 A.2d 625.

It is elementary that an act of the Legislature will not be faulted by the judiciary unless it is clear beyond a reasonable doubt that the legislation complained of is constitutionally defective. The defendant having failed to meet this burden, his demurrer was properly overruled.

---

[2]The warrant and complaint in the instant case are dated July 14, 1962, and the 1969 amendments to chapter 6 of title 12 are not material to these proceedings.

This brings us to a consideration of defendant's final exception. It was taken to the decision of the trial justice finding defendant guilty beyond a reasonable doubt and is predicated on defendant's contention that the state offered no evidence tending to establish that Pawtucket Avenue in East Providence is a "public highway of this state" within the meaning of §31-23-26.

An identical contention was made by the defendant and rejected by this court in *State* v. *Wheeler,* 92 R. I. 389, 169 A.2d 7.

There we held that while sound trial procedure recommended categorical testimony by a state witness that the highway in question was open to the public, a trial justice might properly find from all the probative evidence in the case that the highway in issue was public within the meaning of the applicable statute. Applying our holding in *Wheeler* to the evidence adduced before the trial justice in the case at bar, we conclude that the defendant's final exception also lacks merit.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, Donald P. *Ryan,* Asst. Attorney General, *Scott K. Keefer,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.