## NEWPORT COUNTY.

### STATE *vs.* RODMAN LAKE.

Art. 9, § 1, of the Constitution of Rhode Island, which provides, "No person shall be
eligible to any civil office . . . unless he be a qualified elector for such office," requires
the qualification as elector to exist at the time of election to office, not at the time of exer-
cising the functions of the office.

A complaint charged the defendant at Tiverton, in the County of Newport, with wantonly
injuring a building.

*Held,* that the complaint by necessary inference located the building in the town of Tiver-
ton.

EXCEPTIONS to the Court of Common Pleas.

Criminal complaint appealed by the defendant to the Court of
Common Pleas, and brought into this court by the defendant's ex-
ceptions.

*Providence, April* 13, 1889.  PER CURIAM.  The complaint is
that, on the 24th day of July, A. D. 1887, at Tiverton, in the
county of Newport, the defendant did wantonly and maliciously
injure and deface a building not his own, etc.  The defendant
contends that the complaint is bad, because, for anything therein
alleged, the building may have been in Massachusetts, and the de-
fendant, standing in Tiverton, may have injured and defaced it
by throwing stones across the boundary.  We do not think so.
The act complained of is the act of injuring and defacing the
building, which act is alleged to have been committed at Tiver-
ton, in the county of Newport, and clearly, if the building had not
been at Tiverton, the defendant could not have injured and de-
faced it there.

The complaint was made July 25, A. D. 1887.  The defendant
produces a certificate from the town clerk of the town of Tiver-
ton to the effect that the magistrate who received the complaint
had sold all his real estate some months previously, and that his
name was left off the voting list by the canvassers in the following
spring, and he contends that the magistrate was not qualified to
act as such, not being a qualified elector, referring to the Consti-

tution of the State, art. 9, section 1. The section simply provides that "no person shall be eligible to any civil office (except the office of school committee) unless he be a qualified elector for such office." The town clerk's certificate, even if it shows that the magistrate was not a qualified elector when he received the complaint, which we do not think it does, does not disprove that he was a qualified elector when he was elected to his office, which is all that the section referred to requires.

*Exceptions overruled.*

*William P. Sheffield, Jun.,* for plaintiff.
*J. C. Blaisdell,* for defendant.