209 A.2d 447.

JAMES. J. FOX, JR. *vs.* PERSONNEL APPEAL BOARD OF THE CITY OF CRANSTON.

APRIL 26, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for certiorari brought to review a decision of the personnel appeal board of the city of Cranston denying and dismissing the petitioner's appeal from an order of the mayor of that city terminating his employment as a member of the police department. The writ issued, and pursuant thereto the respondent has certified to this court the records in the cause.

It appears therefrom that petitioner had been a member of the police department for a number of years and that on July 19, 1963 he was notified in writing by the mayor of his decision to remove him from the police department for "neglect of duty and misconduct" on grounds specifically set out in that communication. Section 9.01 of the city charter confers upon the mayor the power to appoint and remove members of the police department and provides that all members are transferred to the classified service.

In sec. 14.07 of the charter, provision is made concerning the removal of members of the classified service, the pertinent part thereof reading: "Members of the classified service shall be subject to such disciplinary action including removal as may be ordered by the officer having the power

of appointment to the position held by the person to be disciplined, as limited by the right of appeal hereinafter provided." It is further provided in said section that no member of the classified service who has completed a probationary period of service "shall be suspended for more than ten days, reduced in rank or pay or removed except after notice in writing of the grounds of the proposed action and an opportunity to be heard thereon by the personnel appeal board. * * * The personnel appeal board may sustain, reverse or modify the disciplinary action appealed from and may order the restoration of pay lost during the pendency of the appeal." It is not disputed that petitioner made claim for and was given a hearing before the personnel appeal board on the mayor's order of removal in full compliance with the provisions of the charter relating thereto.

Thereafter, the board found petitioner guilty on three charges of neglect of duty in that on three occasions he had without justification failed to report for duty as required by regulation and on one charge of misconduct in that he engaged while intoxicated in immoral and indecent acts. In this court petitioner attacks the decision of the personnel appeal board on two grounds. He contends, first, that the board was without jurisdiction to exercise the powers purported to be conferred upon it by sec. 14.07 of the city charter in that the charter had not been submitted to the electorate for adoption in compliance with pertinent provisions of article of amendment XXVIII of the state constitution, which authorizes the adoption of home rule charters, so called. Second, petitioner argues that the board, if it had jurisdiction, erred in affirming the order of the mayor removing him as a member of the department, there being in the record no legally competent evidence probative of the misconduct or neglect of duty charged against him in the order of removal.

The petitioner, in our opinion, is without standing to question the validity of the adoption of the charter of the city of Cranston by way of a challenge to the jurisdiction of the personnel appeal board which derives from the pertinent provisions of the charter. We see no merit in petitioner's contention that the charter was not submitted to the electorate for adoption in compliance with the pertinent provisions of sec. 7 of art. XXVIII of amendments and consequently that the city of Cranston is without de jure existence as a municipal corporation. Were we to agree, however, that the city has no de jure existence as such a corporation, a concession that we do not make, the record clearly discloses that it would exist as such a corporation de facto.

In *Bowman* v. *City of Moorhead*, 228 Minn. 35, the court, adopting what is clearly the prevailing view, noted that a municipal corporation exists de facto where there is a law under which a corporation with the powers assumed might lawfully have been created coupled with a colorable and bona fide attempt to organize under that law and a user by the corporation of the rights claimed to have been conferred by the law. There is no question in the instant case but that the requirements set out in *Bowman* v. *City of Moorhead, supra,* were met.

A substantial line of authorities holds that where a municipal corporation exists de facto, the validity of its organization may not be attacked by a private individual either directly or collaterally. Where a municipal corporation exists de facto, the validity of its organization may be attacked only in a direct action brought by the attorney general or some similar public officer of the state. *Joint County Park Board* v. *Stegemoller*, 228 Ind. 103. It appears to be generally held that the validity of the incorporation of a de facto municipal corporation is not subject

570

to collateral attack in any manner. *Smith* v. *City of Emporia,* 168 Kan. 187.

We are of the further opinion, as was the court in *Bowman* v. *City of Moorhead, supra,* that it is a matter of sound public policy to bar attacks by individuals on the validity of the existence of a municipal corporation de facto in a collateral suit. In short, it is our conclusion that the jurisdiction of the personnel appeal board cannot be attacked in this collateral proceeding by petitioner.

We turn then to petitioner's contention that there is in the instant record no probative evidence upon which the board's decision sustaining the action of the appointing authority reasonably can be sustained. This, we assume, is to argue that the evidence in the record is without legal competence because it lacks any probative force on material and relevant issues. With respect to each charge on which the board found petitioner guilty, he concedes the facts that constitute the subject matter of that charge, but argues that these facts do no suffice to establish the misconduct alleged to constitute the ground for the disciplinary action. In brief, conceding the facts to which other members of the police department testified concerning his conduct, petitioner argues that they do not establish either that he failed to report for duty when required or that his failure to report was not justified by reason of illness.

We are of the opinion that this argument disregards the function of the inference in judicial proof. It raises a basic question as to the susceptibility of the facts conceded by petitioner to reasonable inferences that would tend to prove that he was absent from duty on those occasions without justification. It is well settled that a reasonable inference drawn from an established fact is in itself a fact upon which reliance may be placed by one exercising a fact-finding power.

We recognize the function of the inference in the fact-

finding process. In *Labbe* v. *Hill Brothers, Inc.*, 97 R. I. 269, 273, 197 A.2d 305, 308, we considered the function of the inference in judicial proof and said: "We concur in the view so clearly implied in the above decisions that in the judicial process the inference serves to establish through inductive reasoning legal evidence to the end that judicial proof may be attained. To that end, in the context of the judicial process an inference may have probative force even though it does not completely exclude or explain away another hypothesis that is inferable from the same basic facts." The concept of proof by inference to which we subscribe has been well stated in *Hornick* v. *Bethlehem Mines Corp.*, 307 Pa. 264. There the court said at page 270: "If the administration of justice had to depend on demonstration by absolute proof, there would be few issues open to litigation, for such proof is rarely obtainable outside the realm of science. When a finding is a reasonable inference from the facts and conditions directly proved, it must be classed as legal evidence and not as a mere conjecture, surmise or guess."

Contrary to the contention of petitioner, it is our opinion that the conceded facts concerning the subject matter of the various charges are susceptible of reasonable inferences that petitioner absented himself from duty without justification, and it is our conclusion that such action constituted neglect of duty and cause for disciplinary action under the charter. The record, having this inferential potential, must be deemed to contain evidence upon which the findings of the personnel appeal board reasonably may rest.

It is well settled that when this court reviews a decision of a subordinate tribunal by way of certiorari, we will limit that review to a determination as to the presence of evidence in the record upon which the findings of the tribunal may be supported. In such circumstance we do not weigh

the evidence. It is our conclusion then that the inferences reasonably to be drawn from facts conceded by petitioner with respect to the charges brought against him constitute legally competent evidence upon which the decision of the board properly may be rested.

The petitioner urges also that we consider the question of whether the action of the board in sustaining the mayor's order which terminated petitioner's employment with the police department constituted an abuse of its discretion. In so urging, petitioner emphasizes that if he were guilty of neglect of duty, the offenses, three in number, occurred over a period of fourteen years of otherwise faithful service. In this respect we direct attention to the charter provision which confers upon the appointing authority a broad discretion to take "disciplinary action including removal," which discretion is limited only to the extent that the employee may at his option claim an appeal before the board. Upon such appeal the board is empowered to "sustain, reverse or modify the disciplinary action appealed from * * *."

Clearly the charter contemplates the determination of the appropriate penalty being, first, in the discretion of the appointing authority and, secondly, in the personnel appeal board on review. In these circumstances it cannot be disputed that a decision to terminate employment for cause is in the first instance within the jurisdiction of the appointing authority, and the power to alter such a determination by modification has been conferred upon the personnel appeal board. This being so and the matter being brought before us for review by certiorari, absent some unusual or unique circumstance, we will pass only upon the question as to whether the personnel appeal board acted in excess of its jurisdiction. This conclusion we cannot reach in the instant case.

The petition for certiorari is denied and dismissed, the

writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board.

210 A.2d 50.

MOTION TO AMEND MANDATE.

MAY 12, 1965.

PER CURIAM.   After the hearing and determination in the above-entitled cause, our opinion was filed wherein this court mandated that the petition for the writ of certiorari be denied and dismissed and the writ theretofore issued be quashed and the record certified to this court be returned to the respondent board.   Thereafter, the petitioner in chambers moved amendment of the mandate and that the cause be remanded to the respondent board for further determination as to whether the decision of the appointing authority imposing a penalty of dismissal on the petitioner should be affirmed by said respondent board.   Upon consideration of the petitioner's motion, we are unable to perceive any reason for so amending the mandate.

Motion denied.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*Jeremiah S. Jeremiah, Jr.,* Assistant City Solicitor, for respondent.