**211 A.2d 655.**

JOSEPH E. PELLEGRINO *vs.* STATE BOARD OF ELECTIONS.

JUNE 24, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

72

ROBERTS, J. This petition for certiorari was brought to review a decision of the state board of elections denying the petitioner's appeal from a decision by the canvassing authority of the town of Westerly that Florence L. Soloveitzik had in an election conducted for the office of town clerk received a majority of the votes cast for that office and, pursuant to such decision, directing the canvassing authority to issue to her a certificate of election. The writ issued, and the respondent board pursuant thereto has certified the record to this court.

The record discloses that petitioner and Mrs. Soloveitzik were rival candidates for the office of town clerk and that at the election of November 3, 1964 petitioner received a total of 3,257 of the votes cast, while Mrs. Soloveitzik received 3,249 votes, giving petitioner a plurality of eight votes. Thereafter the canvassing authority counted a number of paper ballots that, pursuant to statute, had been cast by members of the armed forces, persons absent from the state, and persons confined. The tabulation disclosed that Mrs. Soloveitzik received 237 of these votes, while petitioner received 146 thereof. The canvassing authority thereupon found that Mrs. Soloveitzik had received a plurality of the total votes cast for the office and stated its intention to issue a certificate of election to her. From

that decision of the canvassing authority petitioner appealed to the state board of elections.

In this court petitioner argues that the paper ballots cast as aforesaid were void by reason of the failure to prepare them for use in the election in compliance with the provisions of the statutes which relate to the placing of the names of candidates for office thereon. He argues further that because these ballots were void, the election should be decided on the votes cast on the voting machines on election day and that, therefore, it was error on the part of the board of elections to direct the canvassing authority to issue an election certificate to Mrs. Soloveitzik.

It is not disputed that the name of Florence L. Soloveitzik appears on these ballots as a nominee for the office of town clerk. However, the name of Joseph E. Pellegrino does not appear on these ballots, but the name Josephine E. Pellegrino does appear thereon as a nominee for the office of town clerk. It is conceded also that there is no qualified elector of the town of Westerly named Josephine E. Pellegrino and that no fraud of any kind is involved in the omission of the name of petitioner from the ballot.

The petitioner argues that the name Josephine E. Pellegrino was improperly on the ballot, there being no such person who is a qualified elector for the office of town clerk. In so arguing, he refers to sec. 1 of art. IX of the constitution of this state, which reads in pertinent part: "No person shall be eligible to any civil office * * * unless he be a qualified elector for such office." The quoted provision of the constitution clearly defines eligibility to stand for election to an office with respect to which a candidate was not a qualified elector at that time. See *State* v. *Lake*, 16 R. I. 511. However, there is nothing in the record here suggesting either that petitioner or Mrs. Soloveitzik is ineligible for the contested office under the constitutional requirement or that any person purporting to be Josephine E. Pellegrino is contending for possession of the office.

The petitioner contends further that the ballots should be declared void because in form and content they do not comply with the provisions of the statute governing the listing of candidates for office appearing thereon. The pertinent statutory provision requires, in substance, that the ballots shall contain the names of all candidates who have been duly nominated for the offices appearing thereon and that no other name shall appear on the face of the ballot. The petitioner contends that in these circumstances the omission of his name from the ballot violates the statutory requirement, as does the inclusion thereon of a name not that of a person duly nominated for office, to wit, Josephine E. Pellegrino. The thrust of this argument, in our opinion, is that compliance with the statutory provisions as to the form and content of the ballots, G. L. 1956, §17-21-14, must be literal. However, it is our opinion that such argument attributes to the legislature an intent to require a degree of compliance in the preparation of these ballots, both as to the form and content thereof, that is beyond what reasonably may be read into the language of the statute when viewed in the light of its purpose.

The purpose of legislation conferring upon some governmental agency authority to prepare ballots for use in an election is the protection of the integrity of the elective process so as to secure to the voters an opportunity to exercise fully the franchise and protect them against ballots designed to confuse or mislead them in exercising their franchise. In *Jackson* v. *Norris*, 173 Md. 579, 595, the court discussed the purpose of a statute authorizing the use of official ballots and said: "Its purpose was to preserve the integrity and purity of an election by the prevention of fraud, trickery, and corruption, and to secure the secrecy of the vote and the voter from intimidation, coercion, and reprisal without any abridgment of his rights in the enjoyment of the elective franchise." In our opinion the legislature intended, in enacting the instant legis-

lation, to require compliance with its provisions which relate to form and content to the degree reasonably necessary to protect the voter in his exercise of the franchise and to impress finality upon such elections.

In *Peabody* v. *Burch*, 75 Kan. 543, 545, which was decided in 1907, the court said: "Legislative restrictions upon the exercise of the right of suffrage are enforced by the courts without hesitation to the very letter, so long as they relate to matters within the control of the individual voter. But with respect to regulations regarding the conduct of others the effort is still to seek such a construction of the law as will accomplish rather than defeat the expressed wishes of the people." Briefly then, mere technical non-compliance with the statutory provisions which relate to the form and content of the official ballots should not be used to vitiate an election in whole or in part.

The petitioner, in urging that these ballots be voided, relies on the language used by this court in *Dupre* v. *St. Jacques,* 51 R. I. 190. In that case this court noted that the statutory provisions as to form and content of the ballot were mandatory. However, we do not perceive that this language should be extended beyond a holding that the requirements are not to be ignored and that there must be at least substantial compliance. In that case the board of canvassers had caused to be placed upon certain ballots names of the slate of council candidates who claimed nomination for the particular office on the basis of nomination papers. The record disclosed that the clerk of the board had acted to prevent opposition candidates from determining the validity of these nomination papers. In these circumstances this court, after suggesting that an element of fraud might be present, went on to rule, however, that the provision of the statute relating to the placing on the ballot of names of duly-nominated candidates was mandatory and that the placing on the ballot of the slate of candidates not duly nominated violated that man-

date. From this decision and the circumstances in which it was made, we cannot conclude that this court meant to require a strictly literal compliance with the statutory provision in all circumstances.

However, we recognize the necessity for substantial compliance with pertinent statutory provisions relating to the form and content of the ballots. Obviously, where such noncompliance is tainted by fraud or results in providing the voters with an official ballot confused, misleading, and precluding the voters from making an intelligent choice, ballots must be voided and, in appropriate circumstances, an election vitiated. Mere irregularity, however, that does not mislead the voter or make difficult an intelligent exercise of the franchise will not ordinarily suffice to move this court to void the ballots of a substantial number of electors who fairly and reasonably have expressed a choice. Such action on the part of this court requires a showing of more than some mere innocuous departure from the prescribed statutory provisions.

There is sound authority for the proposition that while substantial compliance with pertinent statutory provisions must be had, mere technical or nonfraudulent departures from the prescriptions of the statute will not void the ballots and thus defeat a fair and intelligent expression of the will of the voters. In *Hester* v. *Kamykowski*, 13 Ill.2d 481, 486, the view to which we would subscribe is stated as follows: "We further said in that same case, that while the legal safeguards which are thrown about the ballot must be faithfully observed by those who have been entrusted with their enforcement, yet under the pretense of enforcing them the will of the people should not be defeated by an honest mistake of election officials; that the literal compliance with prescribed forms will not be required if the spirit of the law is not violated; that forms should be subservient to substance when no legal voter has

been deprived of his vote and no harm or injury of any kind has been done to anyone."

In short, it is our opinion that the better rule contemplates that the court will refrain from voiding a free and fair expression of the electorate's will on the ground of noncompliance with statutory provisions relating to the form and substance of the ballot. We would so interfere only when the result of such departure from the prescribed form would operate to deprive the voters of a full and free exercise of their franchise. *Kilmurray* v. *Gilfert*, 10 N. J. 435; *Munsell* v. *Hennegan*, 182 Md. 15; *Oncken* v. *Ewing*, 336 Pa. 43; *Moran* v. *Detroit Board of Election Comm'rs*, 334 Mich. 234; *Stawitz* v. *Nelson*, 188 Kan. 430.

It is our opinion that the placing of the name Josephine E. Pellegrino on these ballots did not operate as an omission of petitioner's name therefrom, nor do we deem this act susceptible of being viewed as placing upon these ballots a name other than that of a person duly nominated for an office listed thereon. The instant error was obviously typographical, being an innocent and inadvertent feminization of the name of petitioner. In all of the circumstances we cannot agree that it may be inferred reasonably therefrom that it deprived him of identification as a candidate for the particular office. In short, we will not assume that the voters of Westerly were thereby led to believe that the name was not intended to identify petitioner as a contender for the office of town clerk. We must of necessity attach some significance to the fact disclosed in the decision of the respondent board that of the 146 votes cast for petitioner 71 were cast individually, while of the 237 votes cast for Mrs. Soloveitzik 94 were cast individually. This is persuasive, in our opinion, that the voters were voting affirmatively for either candidate, and we cannot agree that the votes cast for Mrs. Soloveitzik should be deemed to be rejections of an unknown person identified as her opponent.

We are unable then to agree that the error now under consideration in any manner affected the free and full exercise of the franchise by the voters of Westerly who participated in the election through the use of these particular ballots. To the contrary, it is our conclusion that the ballots as cast reflect a free and intelligent exercise of the franchise resulting in a full and fair expression of the choice of the electorate. That being so, this court could not with propriety either void these ballots or invalidate the election.

We are aware that the intervenor in this case moved to dismiss the petition for certiorari because of the provisions of the administrative procedures act, so called, G. L. 1956, chap. 35 of title 42. Because of the view that we take on the merits of the case, we intentionally decline to pass upon the question thus raised, being of the opinion that where title to public office is involved, our decision on the merits will best serve to safeguard the public interest in the administration of the affairs of that office in the town of Westerly. This does not mean, however, that the court thereby intends to take any position, affirmative or negative, as to the extent of the application of the administrative procedures act to litigation of this type.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered returned to the respondent board with our decision endorsed thereon.

Condon, C. J., dissenting. This is a hard case. Through no fault of either candidate a grave defect in the paper ballots mailed to those eligible to vote by such means existed and was not discovered in time to be corrected. This defect consisted in the omission of petitioner's name on all of those ballots. As a result of such omission petitioner received no paper ballot votes whereas his opponent whose name properly appeared thereon received a number of votes which if

valid were sufficient to overcome petitioner's majority on the voting machines.

As in *Roberts* v. *Board of Elections,* 85 R. I. 203, such a situation arouses our sympathy for the apparent victor and we naturally seek for some way by which to do justice and affirm the legality of the electoral victory. In *Roberts* it was clearly not possible to do so and comply with the requirements of the constitution. As a consequence it was necessary to reject several thousand paper ballots which were invalidly cast through no fault of the electors with the result that the apparent victor at the polls became the loser.

Here we have a similar situation. There can be no question in my opinion that all the paper ballots as far as the office of town clerk is concerned are invalid. They are invalid because they do not comply with the statute in that the name of candidate Joseph E. Pellegrino is missing on all the paper ballots cast. G. L. 1956, §§17-20-12, 17-21-14 and 17-21-19. In these circumstances in seeking to do justice we must remember that it is not personal or sentimental justice we are empowered and authorized to dispense here but equal justice according to law. In our decision, therefore, we must give due regard to the election law and give it full force and effect rather than strain for a construction that nullifies it in order that we may be able to do what we personally deem to be justice in the appealing circumstances here.

In my opinion the court's decision does not adhere strictly to this principle. In the first place it appears to approach the problem from the viewpoint of the elector's right to have his vote counted. But this is not the fundamental question here. Rather it is the right of each candidate for the office of town clerk to be accorded equal treatment in accordance with the mandates of the election law so that no one may rightfully complain that he has been denied equal justice thereunder.

The petitioner here may rightfully claim that if these paper ballots on which his name does not appear are received as valid and counted, he will be deprived of the full protection of the law and will thereby not be accorded equal justice under the law which is his due. Certainly it is not equal treatment of his candidacy for ballots on which his name does not appear to be counted against him. There is a grave defect in these paper ballots which cannot be rationalized into an immaterial irregularity or mere technical omission.

Because these paper ballots do not conform to the mandates of the election law and are therefore clearly invalid, they should not be counted. In my opinion if we are to be consistent with the underlying principle of *Roberts* v. *Board of Elections, supra,* we should quash the board's decision and declare petitioner elected in accordance with the voting machine totals which represent the only legal votes cast. Not to do so verges on a rejection of the ratio decidendi of the *Roberts* case. For these reasons I dissent.

*Aram A. Arabian, Santo J. Turano, Jr.,* for petitioner.

*Stephen F. Achille,* for respondent.

*Edwards & Angell, Edward F. Hindle, John Fenn Brill, Harold B. Soloveitzik,* for intervenor.