211 A.2d 660.

JOHN J. HARDMAN *vs.* PERSONNEL APPEAL BOARD.

JULY 9, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This petition for certiorari was brought to review the decision of the personnel appeal board sustaining the action of the director of the department of public works terminating the petitioner's services. Pursuant to the writ the respondent board has certified the records therein to this court.

The records disclose the following pertinent facts. The petitioner had been in the employ of the state continuously from 1949 until his dismissal by the director of public works. Prior to August 1, 1963 he held permanent status in the classified service as senior civil engineer (traffic control) in the department of public works. On August 1, 1963 he was notified in writing by the director of that department that his services were being terminated effective August 3, 1963 "for the good of the service" pursuant to the provisions of G. L. 1956, §36-4-38, as amended. The notice of dismissal specified ten separate reasons for the director's action. A copy of such notice was filed with the personnel administrator in accordance with the requirement of §36-4-38.

The petitioner thereafter filed an appeal pursuant to the provisions of §§36-3-10 and 36-4-42, as amended. The hearings before the board were held on various days commencing on November 19, 1963 and ending on September 30, 1964. Both petitioner and the director, as appointing authority, presented the testimony of various witnesses, as well as documentary and other evidence, relating to the charges specified in the dismissal notice. On October 6, 1964 the board rendered a unanimous decision sustaining petitioner's dismissal on the basis of its finding that two of the charges against petitioner were substantiated by the evidence, namely, charges number 8 "Failure to maintain adequate records of loans of state materials" and number 9 "Accepting in return for 'loans' materials different than the items loaned." The board forwarded the decision

to the Honorable John H. Chafee, Governor of the State, with a covering letter.

Thereafter, on October 21, 1964, petitioner filed the instant petition praying that the decision of the board be quashed on the grounds that it is arbitrary, capricious and illegal. Although the board, in its brief and in its oral argument before this court, denies the merits of petitioner's challenge and contends that its decision is lawful, it raises, at the outset, the question of the applicability of the Administrative Procedures Act, G. L. 1956, chap. 35 of title 42, hereinafter referred to as the act.

The board contends in substance that the act afforded petitioner an adequate and express remedy at law; that absent unusual hardship or exceptional circumstances certiorari was not a proper remedy; and that therefore the writ should be quashed as improvidently issued. The petitioner, on the contrary, contends that the act is not applicable, but that if the court holds that it is, he argues that in the peculiar circumstances of this case we should in the exercise of our supervisory power retain jurisdiction and consider the petition on its merits, as we did recently in *Santos* v. *Smith,* 99 R. I. 430, 208 A.2d 524. See also *United Transit Co.* v. *Nunes,* 99 R. I. 501, 209 A.2d 215, 224, and *Pellegrino* v. *State Board of Elections,* 211 A.2d 655.

We first consider petitioner's contention that the act is not applicable to the instant case. The following sections are pertinent to the issues raised here. Section 42-35-1(a) defines "agency" as including "each state board, commission, department, or officer, other than the legislature or the courts, authorized by law to make rules or to determine contested cases." Section 42-35-15 provides for judicial review by the superior court of decisions of state agencies not exempted from the act under §42-35-18. Section 42-35-16 provides for an appeal to this court from

any final judgment of the superior court under this act. Section 42-35-18 provides in part that:

"This chapter shall take effect upon January 1, 1964 and thereupon all acts and parts of acts inconsistent herewith shall stand repealed, provided, however, that except as to proceedings pending on June 30, 1963, this chapter shall apply to all agencies and agency proceedings not expressly exempted."

The petitioner readily concedes that the act applies to all cases within its purview commenced after January 1, 1964. However, as to cases started subsequent to June 30, 1963 and prior to January 1, 1964, he contends that it applies only to cases where prior rights are not disturbed. In the peculiar circumstances of the case at bar, he argues, prior rights of petitioner are adversely affected and therefore the act is not applicable. In support of his position he points out that at the time this case was commenced in 1963 the board's decision, under §36-4-42, was "final and binding upon all parties concerned" and there was no right to a judicial review, except by a petition for a common-law writ of certiorari to this court. Since the act gives an absolute right of judicial review by the superior court, he urges that it has created a new right with the result that the board's action is no longer final and this would deprive petitioner of the finality of the board's decision with respect to the eight charges which apparently were not substantiated at the hearing before the board.

We have carefully considered all of petitioner's contentions on this issue, but find them to be without merit. It is undisputed that the board is an agency within the meaning of the act and that it is not exempted by any of the exemptions listed in §42-35-18. The proceedings before the board were not pending on June 30, 1963; they were commenced after that date and the board rendered its decision on October 6, 1964. The appeal provisions prescribed in §§42-35-15 and 42-35-16 are clearly remedial and procedural in nature; indeed, the title of the act, "An Act

150

Concerning Procedures of State Administrative Agencies and Review of Their Determinations," implies as much. The pertinent provisions do not create new or take away vested rights; they relate to practice and procedure.

As the court said in *Grinnell* v. *Marine Guano & Oil Co.,* 13 R. I. 135, 136: "It is not an insuperable objection to a remedial statute that it affects pending suits, if it affects them remedially, and neither violates vested rights nor impairs the obligation of contracts." See also 50 Am. Jur., Statutes, §482, p. 505, the pertinent part of which states: "* * * statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention. Indeed, in the absence of any savings clause, a new law changing a rule of practice is generally regarded as applicable to all cases then pending." The petitioner agrees that it is fundamental that remedial statutes relating to remedies or modes of procedure only, and which do not create new or take away vested rights but only operate in furtherance of the remedy or confirmation of rights already existing, are generally held to operate retrospectively. See 50 Am. Jur., *supra.*

We hold that the act by its terms applies to the case at bar. Under §42-35-15 petitioner, having exhausted all administrative remedies available to him and being aggrieved by the final decision of the board, had available to him an express remedy for judicial review in the superior court. Although the appeal procedure provided in that section does not divest this court of its jurisdiction in a proper case to review a petition such as this, it does provide an adequate remedy at law. But nothing we say here means that the appeal procedure therein provided is exclusive. In fact §42-35-15 clearly states the contrary, namely, "This section does not limit utilization of or the scope of judicial review available under other means of review, redress, relief, or trial de novo provided by law."

It is well settled that where an adequate remedy at law is available, absent unusual hardship or exceptional circumstances, the discretionary writ of certiorari is not the proper remedy. *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140; *White* v. *White,* 70 R. I. 48; *Conte* v. *Roberts,* 58 R. I. 353; *Parker* v. *Superior Court,* 40 R. I. 214. The petitioner does not dispute the rule, but he urges that he is in the same position as the petitioner in *Santos* v. *Smith, supra,* and, in the circumstances, should be treated the same. The question of the applicability of the act has been before us in *Santos, supra,* in *United Transit Co.* v. *Nunes, supra,* and in *Pellegrino* v. *State Board of Elections, supra.* For the reasons stated therein we did not pass upon the applicability of the act in those cases; in the case at bar, however, we have held the act applicable.

Although the petition for the writ in this case was filed on October 21, 1964, more than ten months after the effective date of the act, we shall consider the petition on the merits because of petitioner's representation that he had not been aware of the adoption of the act. We repeat in part, however, what we said in *Santos, supra.* Our willingness to proceed in this instance should not be deemed to be a precedent for a similar disposition in the future.

We pass now to the question whether the record supports the charges against petitioner. At the outset we note that there is no charge of falsification of records here; indeed, petitioner's honesty or integrity is not in issue; nor are we called upon to pass on his dedication to the public service. Charge number 8 alleges "Failure to maintain adequate records of loans of state materials."

The meaning of the words "for the good of the service," as used in §36-4-38, was considered by this court in *Aniello* v. *Marcello,* 91 R. I. 198. In that case we said at page 207: "Such language, in our opinion, has the effect of limiting the valid exercise of that power to dismiss for cause." We noted there that in this jurisdiction statutes empowering

an administrative agency to act "for cause" indicate a legislative intention that the agency act in a judicial, or at least in a quasi-judicial, capacity. After quoting pertinent language from *Narragansett Racing Ass'n Inc.* v. *Kiernan*, 59 R. I. 79, 83, we held in *Aniello, supra,* that the phrase "for the good of the service" in the instant statute had the same effect as it had in the statute in *Kiernan, supra,* where the court said: "It is our opinion that the words 'for cause' in this section limit the power of the division to order removal of an employee and official of a licensee and require the presence of substantial grounds, established by legally sufficient evidence, in order to support such action."

The narrow issue before us under charge number 8 is whether the failure to maintain adequate records of loans of state materials is a substantial ground and, if it is, whether the board's finding with relation to such charge is supported by competent evidence.

In our opinion the failure to maintain adequate records of loans of state materials is a substantial ground and is cause for dismissal under the provisions of §36-4-38 empowering the appointing authority to dismiss for the good of the service.

The question of the adequacy of the records kept by petitioner is a question of fact. Our next inquiry is whether the board's finding on this charge is supported by the evidence. It is well settled that on certiorari the court does not weigh evidence, but will examine the record to determine whether there is any legal evidence or reasonable inferences therefrom to support the findings of the tribunal whose decision is being reviewed. *Fox* v. *Personnel Appeal Board,* 99 R. I. 566, 571, 209 A.2d 447, 450; *Lampinski* v. *Rhode Island Racing & Athletics Comm'n,* 94 R. I. 438, 181 A.2d 438. As the court said in *Masyk* v. *Parshley,* 94 R. I. 282, 290, 180 A.2d 314, 318, "Neither will this court, when proceeding under the common-law writ of

certiorari, weigh the evidence upon which the lower tribunal based its decision. It suffices if there is in the record competent evidence tending to support that decision."

A reading of the transcript and an examination of the exhibits disclose that there is competent evidence in the record to support the board's finding on the question of the adequacy of the records kept by petitioner. The fact that petitioner's job specifications did not include record keeping does not help him. The keeping of records was implicit in the duties of his position. In any event, having assumed the responsibility of maintaining the records in question, it was incumbent upon him to see that they were adequate. The primary question of their adequacy is not affected by the fact, as petitioner contends, that there were no rules, regulations or directions prescribing specific methods of record keeping, nor by petitioner's statement that his superiors not only acquiesced in the way he kept the records in question but that they themselves adopted the same methods to memorialize loans made by them.

On the view that we take it will serve no useful purpose to discuss the evidence in detail. We are not acting as fact finders in this proceeding — our duty is restricted, as we have indicated, to determining whether there is any legal evidence to support the board's finding of the adequacy of the records. Having concluded that there is competent evidence to support such finding, it becomes unnecessary to consider charge number 9.

The petitioner's contention that the board misconceived material evidence and misconstrued its powers is without merit. He grounds his argument that the board misconstrued its powers on the following statements in its covering letter to the governor, namely: "In effect the law provides that when the findings of the Personnel Appeal Board result in the acceptance of the charges made by the employing authority, then, the Board must accept the penalty which the employing authority exacts. There can be no

154

mitigation on the part of the Board. * * * Because of the findings set forth in our decision, we have no choice but to agree with the employing authority in the nature of the penalty."

Although the covering letter is not part of the decision, it states in clear language the board's interpretation of its powers under §§36-3-10 and 36-4-42. It does not appear from such statements that the board misconceived its powers. We find no authority in the statute empowering the board to modify the penalty imposed by the employing authority.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Aram A. Arabian,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, *Alfred M. Silverstein,* for respondent.