229 A.2d 617.

## William O. Ball *vs.* Board of Elections.

MAY 19, 1967.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. This is a petition for certiorari which seeks to quash a decision of the board of elections voiding certain absentee ballots cast in connection with the general election held November 8, 1966. The writ issued, and in com-

pliance with its mandate the respondent board duly certified the relevant papers to this court for our examination.

It appears therefrom that among the absentee ballots cast by qualified electors of the town of New Shoreham, a total of eight bore postmarks on the outer envelopes indicating that they were mailed from without the state as required by G. L. 1956, §17-20-12, as amended. When opened by respondents, however, it was discovered that two of the inner certifying envelopes bore no evidence of an acknowledgment of an oath taken before a notary public as required by §17-20-18, as amended, while six others, although bearing such acknowledgments, disclosed that the oaths had been taken within this state. The respondents thereupon ruled that all eight ballots had been cast in violation of §17-20-12, as amended, and refused to certify them to the local board of canvassers pursuant to §17-20-21, as amended. It further appears that petitioner was a candidate for the office of tax assessor of the town of New Shoreham, and with the counting of all ballots, apart from the eight in question, received 230 votes while his opponent received 235. Although conceding that the two ballots contained in the inner certifying envelopes bearing no acknowledgments are unquestionably invalid, petitioner contends that the respondents lacked authority to determine that the remaining six ballots were likewise invalid by reason of having been notarized by notaries public within this state. If correct in this contention, he argues, it follows that the certification of the six inner certifying envelopes to the New Shoreham board of canvassers and the ballots therein examined by them, could result in a determination that he had received a majority of the ballots cast.

He predicates his contention that respondents lacked authority to void the ballots in question on the express provisions of §17-20-21, as amended, which in pertinent part provides:

"At such sessions, and before certifying any ballot, the state board shall

" * * *

"(c) Examine the oath on the inner certifying envelope and determine that the notary or other person administering said oath was properly qualified."

It is not petitioner's contention that respondents should have forwarded the six inner certifying envelopes to the New Shoreham board of canvassers for their determination as to the validity of the absentee ballots thus cast. Rather, his objection goes to the heart of the controversy and is predicated on the proposition that qualified Rhode Island electors may mark absentee ballots before notaries public in this state, and have them counted in the election so long as they are mailed outside of this state. He bases this argument on what he considers to be controlling language set forth in §17-20-12, as amended, which reads: "The postmark, if legible, shall be conclusive evidence of the place of mailing. For the purposes of this chapter, an absentee ballot shall be considered to have been cast in the place where marked."

In substance, he contends, the words "where marked" refer to the postmark which, if legible, shall be considered to have been the place where the ballot was cast. Thus, he reasons, that if, as here, the mailing envelope bears a postmark from outside the state, the statute establishes a conclusive presumption that the ballot was marked and cast outside the state. It is clear, however, from a reading of said §17-20-12, as amended, in its entirety, together with the provisions of §17-20-18, as amended, that the words "where marked" refer to the marking of the ballot and not to the place where mailed as evidenced by the postmark.

The language of said §17-20-12, as amended, preceding that on which petitioner relies, is as follows: "A shut-in voter may mark and cast such ballot only within the state of Rhode Island; *and an absentee voter may mark and cast*

*such ballot only outside the state of Rhode Island, and shall mail the same from without the state of Rhode Island."* (italics ours)

This must be read in conjunction with §17-20-18, as amended, the pertinent language of which is:

"\* \* \* \*

"He shall mark said ballot in the presence of some officer authorized by the law of the place where marked to. administer oaths, and of no other person. Before marking said ballot, he shall exhibit it to said official, who shall satisfy himself that it is unmarked. Except as may be otherwise provided for by §17-20-11 he shall not allow said official to see how he marks it and said official shall hold no communication with the voter, nor he with said official, as to how he is to vote. Thereafter the voter shall enclose and seal said ballot in the envelope provided for it. He shall then execute before said official the oath on said envelope and shall endorse the reverse side of the envelope as provided by this chapter."

Thus, when it appears that the acknowledgment on the inner certified envelope was taken within this state, and compliance with said §17-20-18, as amended, requires the voter to have exhibited a blank ballot to the officer who administered the oath, it follows that the ballot could not have been marked and cast outside the state as expressly provided in §17-20-12, as amended.

A voter, compelled by circumstances peculiar to him, resorting to the statutory authority to exercise his franchise by use of an absentee ballot, must comply with the conditions prescribed by the general assembly which, pursuant to art. XXXIV of amendments to the Rhode Island constitution, is vested with plenary power in the premises. *Hart* v. *Board of Elections,* 100 R. I. 62, 211 A.2d 276. We think it clear, then, that when the inner envelope containing an absentee ballot is certified by an authorized officer as containing a ballot that was marked in his presence with-

in this state, a determination of the board of elections that such ballot should not be counted is within the jurisdictional duties of said board.

In reaching this decision, we are not unmindful of the legislative declaration of §17-20-26, as amended, that the statute is to be construed liberally so as to effect the purposes thereof. Neither are we departing from our adherence to such mandate followed in *Hart* v. *Board of Elections, supra.* The rule of liberality set forth in the cited section, however, does not contemplate, nor could it authorize, an unconstitutional delegation of the general assembly's exclusive power to enact legislation prescribing the time, place, manner and extent of voting by electors of this state who are absent from the state. Rather, it directs that this court adopt a liberal approach when interpreting language that is deemed to be unclear and ambiguous. That is not the case here. There is no doubt as to what the legislature intended. An absentee ballot to be valid must be marked, cast, and mailed outside of Rhode Island. Any attempt by this court to construe these requirements otherwise would exceed the bounds of liberal judicial interpretation and constitute a rewriting of the statute. See *Moretti* v. *Division of Intoxicating Beverages,* 62 R. I. 281, 5 A.2d 288. We hold, therefore, that the voiding of the ballots in question by respondents was proper.

It should be noted also that respondents argued for dismissal of the instant proceedings on the ground that the writ was improvidently issued. They predicated this argument on petitioner's failure to claim an appeal from their decision to the superior court as provided in P. L. 1962, chap. 112, now chap. 35 of title 42 of G. L. 1956, as amended. Acknowledging the validity of this contention, we nevertheless, because of public concern, have deemed it advisable to consider the instant case on its merits, cautioning here as we did in *Hardman* v. *Personnel Appeal Board,* 100

R. I. 145, 211 A.2d 660, that the exercise of our discretion in the instant case should not be considered to be a precedent for cases arising in the future.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers in the case are ordered returned to the respondent board with our decision endorsed thereon.

*F. Albert Starr,* for petitioner.

*Stephen F. Achille, Guy J. Wells,* for respondent.