DECISION
Before this Court is Rosa Lopez's ("appellant") appeal from the Personnel Appeal Board's ("Board") decision denying appellant's request to be reclassified as a Senior Sanitarian. Appellant seeks six months of back pay for the time between the desk audit when her request was denied and the departmental reorganization. The appeal is filed pursuant to G.L. 1956 § 42-35-15, which grants this Court jurisdiction.
 Facts/Travel
The appellant was employed by the Department of Health of the State of Rhode Island in the Office of Food Protection as a Sanitarian (Pay Grade 23). As part of her duties as a Sanitarian, appellant was required
 "to make a variety of inspections and investigations of environmental health conditions and practices throughout the State; to report unsanitary conditions, and to make reinvestigations to ensure that corrective measure has been taken; and to do related work as required. SUPERVISION EXERCISED: As required, may supervise the work of subordinates assigned to assist."
On December 4, 1997, appellant submitted a classification questionnaire, also known as a desk audit, in which she expressed to her superiors that she felt she was performing the work of a Senior Sanitarian and should be reclassified as such.
At a Pay Grade 26, a Senior Sanitarian's duties are as follows:
 "To supervise environmental health field inspectional programs relating to shellfish packing plants, meat and meat food processing plants, bakeries, confectioneries and ice cream and other food manufacturing, processing and services establishments; to perform complex and advanced sanitation inspections in the area of specialization indicated by the title in the class of position; and to do related work as required. SUPERVISION EXERCISED: Plans, supervises, instructs and reviews the work of subordinates." (Emphasis added.)
This classification scheme was created 20 years ago. The Office of Merit Selection and Classification of the Office of Personnel Administration reviewed the desk audit, and on April 14, 1998, issued a decision that the appellant was correctly classified as a Sanitarian by reason of the fact that she did not supervise other employees. Appellant appealed that decision to the Administrator of Adjudication for a hearing. On September 8, 1998, the Administrator issued his decision, agreeing that the appellant was properly classified as a Sanitarian.
Thereafter, appellant appealed this decision to the Personnel Appeal Board. Before this appeal was heard by the Board, however, the Office of Food Protection restructured its job classification scheme. On or about January 12, 1999, appellant was reclassified under the revised scheme from a Sanitarian (Pay Grade 23) to an Environmental Health Food Specialist (Pay Grade 27) retroactively to June 7, 1998. Despite this increase to a pay grade one step above what she had sought as a Senior Sanitarian, appellant pursued this appeal to the Board for the purpose of obtaining back pay from the time she filed her desk audit on December 4, 1997 until her retroactive reclassification as an Environmental Health Food Specialist on June 7, 1998.
The Board heard appellant's appeal on April 27, 1999. At this public hearing, appellant did not contend that she exercised a supervisory role as part of her job duties. She stipulated at the hearing that she did not "plan, supervise, instruct and review the work of subordinates." (Tr. at 43.) Appellant argued that due to a significant decrease in the number of employees in the Office of Food Protection, the Sanitarian and Senior Sanitarian job descriptions changed such that "the relationship of supervisor to supervised which existed when the job specifications were developed no longer existed when the desk audit was submitted." (Appellant's Memo. at 3.) The State countered that the scope of review before it at the hearing was to evaluate appellant's actual job duties as compared with the Sanitarian and Senior Sanitarian job descriptions. While appellant may have performed "complex and advanced sanitation inspections" included in the Senior Sanitarian job description, because she did not fulfill the essential supervisory role, the Board found that she was not eligible to be reclassified as a Senior Sanitarian. On June 21, 1999, the Board issued the decision that appellant was properly classified as a Sanitarian.
Appellant filed a timely appeal of this matter on August 18, 1999. She argues that she should have been reclassified as a Senior Sanitarian (Pay Grade 26) based on the desk audit and therefore is entitled to six months of back pay for the time between the desk audit and the reorganization of the Office of Food Protection.
 Standard of Review
Rhode Island General Laws § 42-35-15 confers appellate jurisdiction to the Superior Court to review the decisions of the numerous state administrative agencies. The general scope of that review is found in § 42-35-15(g), which provides:
 "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if findings, interference's, conclusions, or decisions are:
(1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
In conducting its review, the Superior Court is limited to "an examination of the certified record to determine if there is any legally competent evidence therein to support the agency's decision." See Johnston Ambulatory Surgical Associates, Ltd. v. Nolan, 755 A.2d 799, 804-05 (R.I. 2000) (citing Barrington School Committee v. Rhode Island State Labor Relations Board, 608 A.2d 1126, 1138 (R.I. 1992)). "[T]he Superior Court may not, on questions of fact, substitute its judgment for that of the agency whose action is under review, even in a case in which the court `might be inclined to view the evidence differently and draw inferences different from those of the agency.'" Id. at 805 (citing Rhode Island Public Telecommunications Authority v. Rhode Island State Labor Relations Board, 605 A.2d 479, 485 (R.I. 1994)). "If there is sufficient competent evidence in the record, the court must uphold the agency's decision." Id. (citing Barrington School Committee, 608 A.2d at 1138).
 Personnel Appeal Board Classification
At issue in this case are the efficacy of the job classification scheme, the job descriptions that are part of that scheme, and whether the Board's reliance on the job description was erroneous and an abuse of discretion. Appellant first argues that the Board abused its discretion by basing its decision to deny her pay and classification increase solely because she did not fulfill the supervisory role as set out in the Senior Sanitarian job description. She alleges that this evidence was untrustworthy because the job classification scheme had not been updated for 20 years and that the job descriptions for both Sanitarian positions were inaccurate reflections of the duties actually performed by employees classified in those jobs. Appellant argues that she should have been reclassified to a Senior Sanitarian even though she did not supervise any other employees because, due to staffing reductions over the years, she performed the complex inspections normally reserved for a Senior Sanitarian. On this point, she argues that the Board acted arbitrarily and capriciously in denying her reclassification because, in reality, supervision was not an element of the Senior Sanitarian position. The Board counters that the evidence upon which it based its decision was substantial and trustworthy in that it relied on the statutory scheme authorizing the Personnel Administrator to create and make changes to the classification system of which appellant is a part. Indeed, the Board argues that there was evidence of record that supervision is the essential element of the Senior Sanitarian position sought by appellant and because she did not perform that essential element, she could not be reclassified and compensated as such.
The Personnel Administrator has the responsibility to "classify all positions in the classified service according to the duties and responsibilities of each position." G.L. 1956 § 36-4-9. This classified service was established to provide for consistency and fairness in job title, job description and pay schedule within state service. Id. They were meant "to apply with equity under like working conditions." Id. The Personnel Administrator, not the Board, has the authority to create the classification plan, allocate the positions to the classes within the plan, and make changes to the plan. See G.L. 1956 §§ 36-4-9, 36-4-10, 36-4-11. Pursuant to G.L. § 1956 36-3-10, the Board has statutory jurisdiction to hear appeals brought by state employees from adverse employment actions. Perrotti v. Solomon,657 A.2d 1045, 1048 (R.I. 1995). The Board "shall make a report of its findings and recommendations to the governor based upon the decisions of the administrator of adjudication or the testimony taken at the hearing." G.L. 1956 § 36-4-41.
The Administrator of Adjudication, upon his review of appellant's case, held that the supervisory aspect of the Senior Sanitarian was essential to the overall description of duties. The Board concurred after reading the job description and hearing the testimony given: "supervision is a crucial component of the Senior Sanitarian classification description. . . ." (Decision ¶ 21 at 4.) The fact that appellant did not supervise is undisputed. The Board does not have the power or authority to recraft the classification system because an employee brings before it a claim that the system is no longer accurate. Only the Personnel Administrator may make changes to update the system. See G.L. 1956 § 36-4-10. Therefore, the Board must rely on the job classification in effect at the time of the desk audit in its review of whether an employee is working outside his or her class.
In State v. Local No. 2883, American Federation of State, County and Municipal Employees, 463 A.2d 186 (R.I. 1983) a job description was dispositive of the duties performed by an employee. In Local No. 2883, when Dr. Smith, the superintendent of the Ladd Center, was terminated, he argued that he was entitled to use the union's grievance procedure because he was protected by the collective bargaining agreement between the state and the union. Id. at 191-192. Pursuant to G.L. 1956 §36-11-2, the State Labor Relations Act, supervisory and managerial employees cannot be members of a collective bargaining unit, and thus, because Dr. Smith performed supervisory responsibilities, the trial court found that he was not entitled to the protections of such unit. The Rhode Island Supreme Court affirmed the trial court's decision, by relying on the superintendent's job description which "required him explicitly to perform supervisory and managerial duties. In general he was required to `plan, organize, coordinate and direct the work' of all staff at the Ladd School." Id. at 192 n. 7. This description of duties confirmed for the court that Dr. Smith was serving in a supervisory or managerial capacity and thus, was not protected under G.L. 1956 § 36-11-2.
In this case, the Senior Sanitarian job description uses similar language to that of the superintendent in Local No. 2883. Supervisory duties over environmental health field inspectional programs are specifically set out in the description. Additionally, a Senior Sanitarian is required to "[p]lan, supervise, instruct and review the work of subordinates." The manner in which the court construed the language of Dr. Smith's job description, when compared with that of a Senior Sanitarian, supports the Board's conclusion that supervision was an essential element of the Senior Sanitarian job description. Moreover, "[a]n employee claiming that he or she is working out of his or her class has the burden of demonstrating that he or she is substantially performing the duties and responsibilities set forth in the written classification description for the classification to which the employee seeks to be reclassified." (Decision ¶ 20 at 4.) The Board found that appellant did not meet her burden. It noted in its decision that appellant testified before the Administrator of Adjudication and the Board and stipulated during the hearing that at no time, did she supervise any other employee. (See Decision ¶ 8, 12, 13, 14 at 2.) Because the Board concluded that supervisory responsibilities were at the forefront of the Senior Sanitarian's job duties and furthermore, that appellant did not exercise any supervision as part of her daily job duties, they rejected her request for a job and pay grade increase. (See Decision ¶ 21 at 4.) This Court finds no error in the Board's review and substantial evidence in the record to support its decision.
The Rhode Island Supreme Court has often stated that "[a] court must not substitute its judgment for that of the agency in regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact." See Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). The factual conclusions of administrative agencies shall be reversed only when they are completely bereft of competent evidentiary support in the record. Santo v. Coastal Resources Management Council, 542 A.2d at 1082-83; see also Hardman v. Personnel Appeal Board, 100 R.I. 145, 152, 211 A.2d 660 (1965); Fox v. Personnel Appeal Board, 99 R.I. 566, 571, 209 A.2d 447 (1963).
Here, the petitioner's conclusion that supervision was not an element of the Senior Sanitarian position is not supported by reliable, probative, and substantial evidence in the certified record which is before this Court. The record contains substantial, reliable and competent evidence to support the conclusions of the Board. In its decision, the Board referred to the job descriptions of Sanitarian and Senior Sanitarian in effect at the time of appellant's desk audit, placing extra emphasis on the supervisory aspect in the latter. It reviewed the "classification questionnaire and its attachments, the transcript of the hearing before the Administrator of Adjudication, the September 8, 1998 decision of the Administrator of Adjudication, the classification descriptions for Sanitarian and Senior Sanitarian, the evidence and exhibits presented at the hearings before this Board, and the . . . briefs . . ." prepared by both sides. (Decision at 6.) Appellant's desk audit questionnaire lists John Mullen as the Senior Sanitarian, who is responsible for assigning and reviewing her work and taking it when the work is complete. (See Appellee's Ex. A at 1, 2.) From appellant's own answers given during her initial stage of review and contained in the record, it is evident that Senior Sanitarians do supervise and that the Board's conclusions, as such, are supported by substantial, reliable, and competent evidence.
Furthermore, appellant argues that the Board abused its discretion by excluding relevant evidence that she performed the work of a Senior Sanitarian. The Board argues that, pursuant to the Personnel Rules 5.04(4)(a), it has the discretion to either admit or exclude evidence depending on the evidence's relevance to the proceeding. As set out in the decision, the Board excluded evidence of the work habits and responsibilities of other state employees in appellant's class because same were irrelevant. The Board responds that, during every desk audit, it would be inefficient and overly burdensome to proceed through a detailed comparison between each employee within a class. This Court must defer to the Board's judgment in weighing the relevancy of evidence based on the facts before it. See Costa, 543 A.2d at 1309. Because the Board has the discretion during a hearing to make the decision to admit or exclude evidence of matters of fact and it found that the evidence of other employee's job duties and classification was not relevant to its determination of appellant's status, this Court finds the Board's decision to exclude evidence did not constitute an abuse of discretion.
 Substantial Performance
Finally, under the doctrine of substantial performance, appellant argues that because she substantially performed one task of a Senior Sanitarian, she was entitled to be reclassified at the time of her desk audit. The record shows that the task she did perform was the only non-supervisory one listed in the Senior Sanitarian job description: she "perform[ed] complex and highly technical inspections." (See Tr. at 28.) The appellant contends that obligations similar to those found in contracts existed between her and her employer and thus, she is entitled to protection for her performance of one aspect of the Senior Sanitarian job description under the provisions of contract law. To this, the Board counters that the doctrine of substantial performance does not apply to the case at bar because this matter is not a breach of contract action and because appellant does not seek to recover under a quasi contract theory.
The doctrine of substantial performance is an element of contract law and is applied primarily to building and construction contracts. See Women's Development Corp., et al. v. City of Central Falls, 764 A.2d 151
(R.I. 2001); Woodland Manor III Associates v. Keeney, 713 A.2d 806 (R.I. 1998); Iannuccillo v. Material Sand Stone Corp., 713 A.2d 1234 (R.I. 1998); National Chain Co. v. Campbell, 487 A.2d 132 (R.I. 1985). Appellant seeks to invoke substantial performance because she performed one aspect of the Senior Sanitarian job description (the complex inspections), but not the others (the supervision of inspectional programs and planning, supervising, instructing, and reviewing the work of subordinates) and seeks an equitable remedy. While appellant argues that contract-like obligations existed between the parties, a legal contract was not formed.
 "The essential terms of an employment contract usually include expressions of definiteness or certainty as to the parties to be bound by the contract, the compensation paid, and the nature and extent of service to be performed. The place where the services are to be performed, when performance is to begin, and the period of employment also may be essential terms in employment arrangements." Mark W. Bennett et al., Employment Relationships, § 3.02[C][1] at 3-6 (1998).
"Generally, there is no meeting of the parties' minds until all the essential terms and conditions of the contract have been agreed upon definitely and completely." Id. In this case, because the essential terms and conditions were not considered and there was no meeting of the parties' minds about the terms and conditions, there was no legal contract. Moreover, neither party to the case asserts that there was a contract between the appellant and the State of Rhode Island to perform the duties of a Senior Sanitarian. Therefore, because this Court finds that the doctrine of substantial performance does not and cannot apply to the facts of this case, appellant's argument that she is entitled to back pay at Grade 26 during the six month period at issue must fail.
After review of the entire record, this Court finds that the decision of the Board was not clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. It was made upon lawful procedure and not in violation of constitutional or statutory provisions and did not constitute an abuse of discretion. Substantial rights of the appellant have not been prejudiced. Accordingly, for the reasons stated above, the appellant's appeal is denied, and the decision of the Personnel Appeal Board is affirmed.
Counsel shall submit the appropriate judgment for entry.