DECISION
This matter is before the Court for declaratory judgment and injunctive relief. The essence of the complaint is that the Plaintiff's pension benefits from the City of Providence were temporarily suspended on October 23, 2002 by the Defendant, City Retirement Board ("The Board). The temporary suspension of benefits followed the conviction of Corrente in the United States District Court of five criminal counts which the Board preliminarily determined were related to Corrente's city employment.
The temporary suspension was effectuated without notice to Corrente or his counsel, and without affording Corrente a pre-suspension hearing. As a result of the suspension of benefits without a hearing, the plaintiff alleges he lost approximately 42 months of pension benefits amounting to approximately $250,000, and 27 months of lost medical benefits totaling approximately $3,000.
Count 1 of the complaint seeks a declaratory ruling that the plaintiff is owed the pension and medical payments suspended without a hearing and that such action by the Board constituted a contractual breach. Count II asks for mandatory injunctive relief in the form of payment, presumably of the past and continuing pension benefits that *Page 2 
Plaintiff would have received and would be continuing to receive in the absence of the decision to suspend those benefits without a hearing.
Section 17-189.1 of the Ordinances of the City of Providence provides the legislative context of this case. It permits the Board to revoke or reduce benefits to which the employee is otherwise entitled, if such employee is convicted of any crime related to his or her public employment. The ordinance provides that a plea or conviction shall be deemed a breach of contract. Subsection (5) provides that the employee shall be afforded an opportunity to be heard if a recommendation is made for revocation or reduction of any retirement allowance or other benefit. If the Board determines that revocation or reduction is warranted, then the Board must initiate a civil action in this Court to effectuate the reduction or revocation.
This Court has reviewed memoranda and reply memoranda from both sides, as well as an agreed statement of facts. The Court believes that on the basis of the agreed factual record and applicable legal principles, neither declaratory nor injunctive relief is appropriate at this time.
 Declaratory Judgment
Count 1 of Plaintiff's complaint goes beyond requesting a declaration of procedures that should have been followed before temporarily suspending Corrente's pension benefits. Rather, it seeks a declaratory ruling that Plaintiff is currently owed all of the suspended benefits, whether or not he would have been entitled to them had a pre-suspension hearing been afforded to him. It is clear that the action taken in 2002 by the Board was preliminary and did not result in any final determination of pension entitlement under the applicable ordinance. In fact, Professor Ritchie of Roger Williams *Page 3 
University School of Law has been appointed the hearing officer by the Board. Professor Ritchie, after affording the plaintiff as well as others the opportunity to be heard, may or may not recommend revocation or reduction, in whole or in part, of the pension entitlement of the plaintiff.
In the absence of a final adjudication of Corrente's pension entitlement, it is impossible for this Court to determine what pension entitlement is due as prayed for in the count for declaratory relief. Even if this Court were to determine today that the temporary suspension of Corrente's pension payments without a pre-suspension hearing was a wrongful violation of Corrente's constitutional and employment rights, an appropriate remedy would be to require the Board to hold such a hearing. Only after the Board holds such a hearing would the Court be in a position to determine what, if any, benefits Corrente lost as a result of not having been afforded a hearing prior to suspension.
If the Board chooses to revoke or reduce any of Corrente's pension benefits, the Board must return to this Court in accordance with the ordinance provisions. With a record established before the Board, Corrente is entitled to return to this Court for a final, judicial determination of his rights. As a matter of declaratory relief, therefore, this matter is simply not ripe for final adjudication of Mr. Corrente's pension entitlements. Declaratory relief is discretionary with this Court.[1] There has been an insufficient showing that it is appropriate to make a declaration of the amount of Corrente's pension *Page 4 
entitlement before the Board makes a full and final administrative determination of Corrente's rights. The relief sought in Count 1 of the Complaint is therefore denied.
 Injunctive Relief
Furthermore, injunctive relief is not warranted under the circumstances. Mr. Corrente makes a compelling argument that he is entitled to a hearing before the Board even as to a temporary suspension of his benefits. See Cleveland Bd. Of Education v. Loudermill,470 U.S. 532, 105 S. Ct 1487, 84 L. Fd.2d 494 (1985); Ortiz v. Regan,769 F. Supp. 570 (S.D.N.Y. 1991). But such a showing alone is insufficient to justify imposing an equitable remedy at this time.
Injunctions, as an equitable remedy, should only be afforded when there is no adequate remedy at law. Here, Mr. Corrente has an adequate remedy in that he will have a full opportunity to convince the Board that his pension should not have been revoked or suspended.See Hardman v. Personnel Appeal Bd., 100 R.I. 145, 150, 211 A.2d 660,663 (1965) (administrative process may be adequate remedy at law). Thereafter, any action by the Board must be ratified, according to the City ordinances, by this Court.
Furthermore, the Court should be guided by the United States Supreme Court's decision in Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Fd.2d 252 (1978), wherein a similar question of denial of procedural due process was heard. There the Court held the plaintiff's entitlements, which were revoked without a due process hearing, had to be tested through the hearing itself. Once the hearing is held, the plaintiff would have to show that it was the lack of a hearing that caused damage. If it could be demonstrated that even if a pre-termination hearing had been held, the result would have been the same, then the question remains whether the plaintiff has suffered any real *Page 5 
damage at all. Id. at 260. In other words, a proper remedy for the deprivation of procedural due process would be to order the body that failed to provide a constitutionally adequate hearing to hold such a hearing. See Ortiz v. Regan, supra at 573.
In this case, Mr. Corrente did not come to this Court in 2002, after having learned of the suspension, and request this Court to reinstate his pension entitlements until he was afforded a hearing. That type of prospective request for relief, if accompanied by an appropriate showing of irreparable harm, may have justified injunctive intervention by this Court at that time. Based upon the agreed Statement of Facts, paragraph 13, Corrente's attorney was aware of the Board's action no later than November 13, 2003. At that time, injunctive relief could have been sought to both hasten a prompt due process hearing, as well as to order that pension payments be continued until such hearing was held. Here, however, Corrente waited at least 4 years to seek equitable relief, which is essentially in the form of compensatory damages. Clearly, such inaction suggests that the elements of immediacy and irreparable harm, necessary for issuance of an injunction, are absent. Compensatory damages, if appropriate, are available to remedy any issue concerning improper denial of benefits.
The relief requested is no longer prospective, but is compensatory. Under these circumstances, injunctive relief is not warranted. If Mr. Corrente truly faced immediate and irreparable harm from the interim suspension of his benefits, the time to seek a prospective order compelling the Board to continue payment until a full hearing could be held would have been in November, 2003. In 2007, this case appears to be in the nature of a damage claim unaccompanied by any showing of urgency or irreparable harm. *Page 6 
The hearing process currently underway is available to Mr. Corrente to establish whatever record he or his counsel chooses with respect to his pension entitlements. With a complete record and a ruling from the Board, the case will once again be before the Court if the Retirement Board seeks to enforce the revocation or reduction of any retirement benefits otherwise payable to Mr. Corrente. There is absolutely no reason for this Court at this time, under traditional equity considerations, to issue a mandatory injunction requiring the payment of pension benefits suspended since 2002.
Plaintiff's claims for declaratory and injunctive relief are denied. The parties shall submit an appropriate form of judgment for entry by the Court.
Rubine/Decisions/2007 Decisions/Corrente Pension, draft 3
[1] Section 9-30-6 of the Rhode Island General Laws provides that; "[t]he court may refuse to render or enter a declaratory judgment or decree where the judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding."See Employees Fire Insurance Company v. Beals, 103 R.I. 623,240 A.2d 397 (1968). *Page 1